487 So.2d 468 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Albert K. ALEXANDER, Defendant-Appellant.
No. CR85-568.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*469 Larry Dupuis, Crowley, for defendant-appellant.
Glenn B. Foreman, Robert Cline, Asst. Dist. Attys., Crowley, for plaintiff-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
On October 30, 1981, defendant Alexander was arrested and charged with simple burglary, a violation of LSA-R.S. 14:62. The Radio Shack Store in Crowley, Louisiana was burglarized and over $40,000.00 worth of merchandise was illegally taken from the premises. None of the merchandise was ever recovered. As a result of police investigations, Anthony Daniels, Craig Perrot, and Albert K. Alexander were all arrested and charged with the burglary of this store in Crowley.
Anthony Daniels and Craig Perrot pled guilty to simple burglary and were sentenced prior to the trial of defendant Alexander. Defendant initially pleaded guilty to a reduced charge of receiving stolen goods but, prior to sentencing, withdrew that plea and entered a plea of not guilty of simple burglary.
During defendant's trial, both Daniels and Perrot testified as witnesses for the State. Daniels and Perrot testified that they were co-conspirators in the burglary of Radio Shack with defendant. Both testified as to defendant's involvement in the burglary. A six person jury returned a unanimous verdict of guilty as charged. Following a pre-sentence investigation, defendant was sentenced to serve eleven years at hard labor in a State penal institution. Defendant appeals that conviction alleging eight assignments of error.

ASSIGNMENT OF ERROR NUMBER 1
Through this assignment defendant argues that the trial court erred by not reading the indictment or the defendant's plea to the jury as required by LSA-C.Cr.P. art. 765. Defendant alleges that the transcript does not indicate that such was read to the jury.
We note that defendant requested that transcription of the proceedings begin with the opening statements. Since the charge and plea of the defendant must be read prior to opening statements it would not appear in the record. The court minutes clearly show that the charge and plea of the defendant were read to the jury by the clerk prior to the opening statements.
For these reasons this assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant argues through this assignment that the trial court erred in allowing hearsay testimony by Officer Karl Hoffpauir; thus, denying defendant his right to due process. Defendant correctly argues that hearsay evidence is not admissible:
"Hearsay evidence is inadmissible except as otherwise provided in this Code." La.R.S. 15:434.
The jurisprudence of this State has generally defined hearsay as "an out-of-court statement introduced to prove the truth of its content." State v. Guin, 444 So.2d 625 (La.App. 3rd Cir.1983).
"However, evidence is non-hearsay when offered nonassertively to prove that the utterance occurred or that a conversation had taken place, and not to prove the truth of the facts recited ..." (Citations omitted.) State v. Mason, 447 So.2d 1134, at 1138 (La.App. 1st Cir.1984).
The record indicates that Officer Hoffpauir only testified that he learned from Craig Perrot, while interviewing him concerning this burglary, that Perrot had two accomplices, namely Anthony Daniels and the defendant. The officer was not allowed to testify as to what Perrot said during the interview and did not offer this testimony as proof that defendant committed the burglary but only to indicate how the authorities were able to connect defendant to the burglary.
Defendant argues that the State should have put Perrot on the stand to testify to *470 these facts. The record indicates that Perrot did indeed testify at trial and, in fact, testified that defendant and Anthony Daniels took part in the burglary of Radio Shack.
The statement by the officer was not hearsay as it was used to show that the statement was made not to show guilt but to show how the authorities connected defendant with the burglary.
For the reasons stated this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 3
Through this assignment defendant argues that the trial court erred in allowing the State to establish the credibility of its own witness, Anthony J. Daniels, when the credibility of that witness had not been attacked, contrary to the provisions of La. R.S. 15:484.
"Before a witness has been sworn he can be neither corroborated nor impeached, nor is testimony to establish the credibility of a witness admissible until that credibility has been attacked." La. R.S. 15:484.
The record reflects that the district attorney was not allowed to question Mr. Daniels so as to bolster his credibility as a witness. The trial court sustained defendant's objection and made it clear that the State could not ask if the witness ever made a sworn statement and then lied about it. The court did allow the district attorney to ask if the witness had ever made a sworn statement concerning any aspect of this particular case. The testimony does not indicate that the State was attempting to bolster the credibility of its witness. In fact, the entirety of Daniels' testimony demonstrates that he had previously signed a statement stating that defendant was not involved, whereas, Daniels testified at trial that defendant was involved and that Daniels did not realize what he was signing. The record does not reflect that there was any testimony solicited from the witness which tended to establish his credibility which had not yet been called into question.
For the reasons stated this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 4
Through this assignment defendant argues that the trial court erred in allowing the testimony of Billy A. Warren as such testimony constituted an inculpatory statement by defendant which was beyond the scope of the opening statement and there was no notice that such statement could be introduced as required under La.C.Cr.P. art. 768.
"Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence." La.C.Cr.P. art. 768.
Defendant's argument is two-fold; first, that Mr. Warren's testimony included inculpatory remarks by the defendant, thus requiring the State to give notice, under La. C.Cr.P. art. 768, that such would be introduced at trial; and second, that introduction of Mr. Warren's testimony goes beyond the scope of the prosecutor's opening statement.
The record does not support defendant's contentions. Mr. Warren's testimony shows that he paid a fair price for a tape player and a television set and that he did not assume that it was stolen property. The purchase was made from Craig Perrot and the defendant, and cannot be construed as an inculpatory remark. Mr. Warren did not testify as to any statements made by the defendant or Perrot. It is only when this testimony is viewed in conjunction with other evidence and testimony that it tends to establish guilt. Defendant made no statements of fact to Mr. Warren which would establish any element of the crime charged. As a matter of fact, Mr. Warren testified that he had no reason to suspect that the items were stolen. The only apparent reason for Mr. Warren's testimony *471 was to establish an association between Perrot and the defendant.
Likewise, it does not appear that introduction of Mr. Warren's testimony goes beyond the scope of the opening statement. The prosecutor clearly stated that the State would show that Perrot, Daniels, and the defendant acted together. The purpose of Mr. Warren's testimony was to help demonstrate an association between the defendant and Perrot which involved the sale of items identical to those stolen from Radio Shack.
Thus, Mr. Warren's testimony was well within the scope of the prosecutor's opening statement. In addition, it appears that Mr. Warren's testimony does not include any inculpatory statements or remarks by defendant.
For the reasons stated this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 5
Defendant failed to brief this assignment. Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir. 1983).

ASSIGNMENT OF ERROR NUMBER 6
Defendant argues, through this assignment that the trial court erred when it failed to grant a mistrial on the grounds that the district attorney referred to a prior conviction which was then on appeal. Defendant asserts that the appeal was not a "conviction" and it was therefore improper to impeach the witness based on criminal activity which did not result in a conviction. According to defendant, an arrest, indictment, or a criminal conviction on appeal is nothing more than an allegation which has not resulted in a final verdict against defendant. Defendant argues that there is no conviction until the appeal has been finalized. This argument is without support in the jurisprudence of this State, and in fact, according to the Louisiana Supreme Court, "the vastly preponderant American view is that the prior conviction may be used for impeachment purposes, even though an appeal, provided that the trier of fact may likewise be informed of the pendency of the appeal." State v. Rhodes, 351 So.2d 103 (La.1977).
For the reasons stated above this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 7
Defendant alleges through this assignment that because he admitted to certain convictions it was reversible error to cross-examine and impeach him by introduction of the court minutes and transcripts proving those convictions. Under La.R.S. 15:495, the witness must have denied or failed to admit a conviction before the district attorney may introduce any additional evidence.
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; ..." La.R.S. 15:495.
The testimony of record appears to demonstrate that defendant did in fact deny on cross-examination any such conviction as represented by Exhibit S-5.
"Q. Okay. I believe you testified when Mr. deMahy asked you, that you pled guilty to simple burglary in Iberia because you had gone into the trailer and you had torn up some things?
A. Um-hum. [Affirmative]
Q. Is that right?
A. Yes, sir.
Q. And I believe you also testified that you were charged with theft in Lafayette Parish because you picked up a couple of radiators that you thought were no good, and you pled guilty to it. Is that correct?

*472 A. Yes, sir.
Q. Is there anything else?
A. No felonies that I know of.
Q. Beg pardon?
A. Nothat's felonies, sir. I been to small court, yeah, for disturbing the peace or
Q. But nothing else; is that correct?
A. Not to my knowledge, no sir." (TR. pages 335-336.)
Thus, it is clear that defendant failed to admit his convictions on numerous other felonies, evidence of which the district attorney introduced, including the conviction reflected by the court minutes of July 10, 1984. The district attorney was therefore acting within the provisions of La.R.S. 15:495 and the trial court properly ruled the evidence of such convictions admissible.
For the reasons as stated this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 8
Through this assignment the defendant argues that the trial court erred in that there was not sufficient evidence to support the conviction. The record does not support this argument.
Defendant was charged with the burglary of a Radio Shack store in Crowley, Louisiana, a violation of La.R.S. 14:62.
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, ..." La.R.S. 14:62.
The record clearly demonstrates, and there is no dispute, that the Radio Shack in question was broken into and over $40,000.00 worth of merchandise was stolen therefrom. It remained only to prove who entered the store by force, without authorization, and took the missing items. The State introduced the testimony of the store owner who testified that the doors had been jimmied and that over $40,000.00 worth of merchandise was taken. The State then introduced the testimony of Anthony Daniels and Craig Perrot, who had both pleaded guilty to this crime. Both testified that the other, as well as defendant, were involved in the burglary of Radio Shack.
Defendant argues that their testimony should not have been believed over the testimony of defendant and his witness, Annette Julian. Miss Julian, who was living with the defendant at the time of the burglary alleged herein, testified that the defendant did not take part in the burglary as he was with her watching television at the time of the burglary. Defendant testified to essentially the same alibi in his own defense. Because Daniels and Perrot were convicted felons the defendant argues they should not have been believed. Thus, the question appears to be more one of the credibility of the witnesses than of sufficiency of the evidence. It is clear that determining whom to believe, and to what degree, is strictly for the trier of fact.
"When there is conficting testimony as to a factual matter such as this, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence." State v. Klar, 400 So.2d 610, at page 613 (La.1981).
See also, State v. Cobbs, 350 So.2d 168 (La.1977).
The criminal history of Perrot and Daniels, as well as defendant's own criminal history, was made quite plain to the jury. Considering all that he been put before them, the jury apparently believed Perrot and Daniels and did not believe the defendant and Miss Julian. There is nothing to indicate that this determination was by any means contrary to the evidence.
"The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 at 2783, 61 L.Ed.2d 560 (1979).
*473 From the evidence presented it appears that the State proved every element of the crime beyond a reasonable doubt. This assignment is without merit.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.