612 So.2d 984 (1993)
STATE of Louisiana, Appellee,
v.
Yvonne Lynette TRACEY, Appellant.
No. 24505-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
Steven A. Hansen, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, NORRIS and VICTORY, JJ.
*985 PER CURIAM.
Defendant, Yvonne Lynette Tracey, was charged by bill of information with one count of possession of cocaine with intent to distribute and one count of conspiracy to distribute cocaine. Defendant pled guilty as charged, and on June 15, 1992, the defendant was sentenced to 20 years at hard labor on the possession with intent to distribute conviction and 15 years at hard labor on the conspiracy conviction. The sentences were assessed concurrently. Defendant now appeals, claiming that the sentences imposed on her are excessive. We reverse and remand for resentencing.
On June 1, 1991, narcotics officers of Troop F of the Louisiana State Police received a phone call from an informant stating that Jackie McGee and the defendant, Yvonne Tracey, were staying in the informant's trailer in Monroe, Louisiana. The informant found a large amount of cocaine in her closet, which did not belong to her. The informant came to the Louisiana State Police headquarters, where a body wire and recorder were placed on her.
After the informant returned to the trailer, law enforcement officers listened to a conversation in which both McGee and the defendant admitted the cocaine belonged to them. The informant demanded that McGee and the defendant leave her trailer with the cocaine. Since McGee and the defendant were in a car with an out of state license tag, McGee devised a plan in which she and the defendant would leave in their vehicle and the informant would follow them to Kingway Apartments. The cocaine would then be handed to either McGee or the defendant by the informant and then the informant would be free to go.
Soon thereafter, McGee and the defendant left the trailer and were followed by the informant in her vehicle. Officers, maintaining close surveillance, followed both vehicles. After McGee and defendant arrived at Kingway Apartments, the defendant walked up to the informant's vehicle and retrieved a blue plastic bag. Officers moved in, identified themselves, and confiscated the blue plastic bag which contained approximately 26.5 grams of crack cocaine. Both McGee and the defendant were placed under arrest.
The defendant consented to a search of the vehicle which yielded 163 grams of cocaine powder, equipment and material to transform the powder to crack cocaine, a half-ounce of marijuana, and $846.48 in cash. Thereafter, the defendant gave a recorded statement admitting to traveling to Monroe for the express purpose of selling cocaine. She also admitted to bringing a juvenile from Texas for the sole purpose of selling crack cocaine for her in the Monroe area. The juvenile gave a statement acknowledging that he had sold over 8 grams of crack cocaine for the defendant. On June 4, 1991, the defendant posted a $20,000 bond and was released. Seven months later, while out on bond on the above charges, she was arrested again by Metro Narcotics agents for possession of cocaine with intent to distribute and conspiracy to distribute cocaine. A search warrant was run at the residence on South 23rd Street in Monroe, and 30 grams of cocaine were found in the residence. These charges were later dismissed pursuant to a plea agreement in the instant case.
On appeal, defendant contends the trial court erred in imposing excessive sentences and failed to consider the facts of this case, the sentencing guidelines, and the Louisiana constitution. Defendant contends the sentences imposed on her were excessive since these were her first felony convictions. Defendant contends she should not have received the near maximum sentence which is four times the sentence she would have received under the felony sentencing guidelines. Defendant contends her sentences should be reduced because they make no measurable contribution to acceptable goals of punishment and, hence, are nothing more than the needless imposition of pain and suffering.
Initially, we note that the Felony Sentencing Guidelines, which became effective on January 1, 1992, and are part of the Louisiana Administrative Code, are applicable in the instant case since the defendant was sentenced on June 15, 1992. Defendant *986 filed a motion to reconsider her sentences in accordance with LSA-C.Cr.P. Art. 881.1. However, this motion was denied on June 17, 1992. Since defendant filed a timely motion to reconsider her sentences, she is entitled to appellate review of the sentences imposed on her. LSA-C.Cr.P. Art. 881.2(A).
When a defendant has been convicted of a felony, the court is mandated to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission when determining the appropriate sentence to be imposed. LSA-C.Cr.P. Art. 894.1 A. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence. LSA-C.Cr.P. Art. 894.1 C.
In the instant case, the record does not reveal that the trial court considered the Felony Sentencing Guidelines when sentencing the defendant. In fact, there is no mention of the Felony Sentencing Guidelines in the sentencing transcript. The trial court did mention the defendant's lengthy criminal record and history of drug trafficking when sentencing the defendant. However, under the Felony Sentencing Guidelines, the trial court is required to calculate a designated sentencing range for each offense. Felony Sentencing Guidelines § 207. The designated sentencing range is calculated using the offense of conviction and the defendant's prior criminal history. The trial court is allowed to depart from the designated sentencing range when there are sufficient aggravating or mitigating circumstances. Felony Sentencing Guidelines § 209. When departing from the designated sentence range, the trial court shall state for the record the reasons for departure and pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history.
In the instant case, none of the above procedures as set forth in the Felony Sentencing Guidelines were followed by the trial court. Since the trial court did not consider the Felony Sentencing Guidelines, as mandated by LSA-C.Cr.P. Art. 894.1 A, we are required to reverse and vacate the defendant's sentences. The case is remanded to the district court for sentencing in accordance with the felony sentencing guidelines. In resentencing the defendant, the trial court should advise her that she has three years from the date her conviction and sentence are final under LSA-C.Cr.P. Arts. 914 and 929 to file a post-conviction relief application. LSA-C.Cr.P. Art. 930.8.
REVERSED AND REMANDED.