614 So.2d 215 (1993)
STATE of Louisiana, Appellee,
v.
Michael James JACK, Defendant-Appellant.
No. CR92-666.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*216 Gerald Breaux, Lake Charles, for defendant-appellant.
Paul Reggie, Asst. Dist. Atty., Lake Charles, for appellee.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
*217 SAUNDERS, Judge.
Michael Jack, defendant and appellant herein, was tried by a jury and convicted of aggravated rape, attempted second degree murder, and aggravated crime against nature. Jack was sentenced to mandatory life imprisonment without benefit of parole, probation or suspension of sentence on the aggravated rape conviction. Additionally, he was sentenced to the maximum sentence of fifteen (15) years at hard labor without benefit or parole, probation or suspension of sentence for the aggravated crime against nature conviction and the maximum sentence of fifty (50) years at hard labor for the attempted second degree murder conviction, all to run concurrently. Jack appeals these convictions alleging four (4) assignments of error.

FACTS
In the early morning hours of July 30, 1990, the defendant knocked on the door of the One Hour Martinizing and asked the victim, an employee of the store, to retrieve his clothes allegedly brought there for cleaning. Although the store had not yet opened for business, the victim proceeded to search for the defendant's clothing. While looking for these clothes, the defendant suddenly appeared behind the counter, next to the victim. The defendant grabbed the victim around the throat and threatened to kill her if she screamed. He pushed the victim into the bathroom located in the middle of the store and closed the door behind them. While in this bathroom, the victim convinced the defendant to take the money in the register instead of harming her. However, after the defendant appeared to do this, he again grabbed the victim by the throat and forced her back into the bathroom. At this point, the defendant forcibly undressed the victim. The defendant told her to get down on all fours whereupon he vaginally raped her. After two or three minutes of vaginal intercourse, the defendant then forcibly placed his penis in the victim's mouth for several minutes. The defendant then continued to vaginally rape the victim. Upon ejaculation, the defendant grabbed the victim's torn shirt and strangled her to the point of unconsciousness. When the victim awoke, she saw the defendant pull his fist back and strike her in the face. He told her to stay in the bathroom until he left. Several minutes later, the victim dressed and checked the store to see if the defendant was still present. She then ran to a nearby house for assistance because the phone at the store had been ripped off the wall by the defendant.
Afterward, the police arrived and began their investigation. Among other things, the investigation revealed an amount of defendant's semen in the panties of the victim. DNA analysis placed the chance that the semen was not that of the defendant's to be about one (1) in forty (40) thousand.
The defendant argued that he had been having a sexual relationship with the victim for some months prior to the crime. The victim testified that she had never seen the defendant prior to the attack. The jury convicted him of aggravated rape, aggravated crime against nature, and attempted second degree murder.

ERRORS PATENT
After a thorough review of the record, we find that there are no errors patent.

ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant claims that the trial court erred in denying his motion for mistrial due to a reference by the prosecution to inadmissable evidence of other crimes allegedly committed by the defendant.
The defendant had previously pled guilty to possession of marijuana as a result of a bill of information which charged him with distribution of marijuana. During cross-examination of the defendant, the prosecution asked him how many times he had been convicted of a crime. Defendant's response was, "only once." However, defendant had several prior convictions. The prosecution then asked specifically about several prior convictions, whereupon the defendant stated that he did not consider these prior offenses as convictions. The *218 continuing colloquy between the State and the defendant regarding the prior convictions appears below:
Q (MR. FREY) You also on that same date pled guilty, 6055-90, disturbing the peace with Ms. Bushnell present. Remember that?
A Yes, sir.
Q Same date, 6056-90, resisting arrest. Remember that?
A Yes, sir.
Q 6057-90, criminal mischief. Remember that?
A Yes, sir.
Q Now, I would like for you to tell us why you lied to us about having been convicted more than once?
A Because I didn't take that as a conviction.
Q Oh? You went to jail, didn't you?
A He gave me time served.
Q You served time in jail for these four violations, but you don't count that as a conviction?
A I didn't count it as a conviction.
Q Now, I specifically asked you if you had pled guilty or been convicted by a court. You don't count it a conviction when you go into court and say I'm guilty?
A [No response by the witness].
Q Let me ask you this: Did you go to court and plead guilty for possession of marijuana, amended from distribution of marijuana?
MR. CROCHET: Objection. Move for a mistrial
After a lengthy discussion in chambers, the trial court overruled this objection by stating:
THE COURT: Yesterday's events concluded with the defense moving for a mistrial. The Court has considered the issue and finds the issue to be whether there is quote, another crime, end quote, within the meaning of Code of Criminal Procedure, article 770, paragraph 2, when a prosecutor remarks on a charge for which there was a conviction only of a lesser included offense, which remarks are made in a context of factually describing the guilty plea of the defendant. The Court believes that this is not the meaning of quote, another crime, end quote, in the context of 770, and will on motion of the State for the defendant admonish the jury. This motion for a mistrial is denied.
The trial court did not consider the bill charging him with distribution to be evidence of another crime because he pled to a lesser included offense of the initial charge contained in this bill. In addition, the trial court admonished the jury by stating that the comments on other offenses are not to be considered as evidence of credibility, guilt or innocence of the present crime.
On appeal, defendant argues that due to the above reference to another crime, he is entitled to a mandatory mistrial under LSA-C.Cr.P. art. 770(2) which states as follows:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
....
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
In order to avoid this mandatory mistrial, evidence of this other crime must be admissible under LSA-C.E. art. 609.1(C), which states in pertinent part:
C. Details of convictions. Ordinarily, only the fact of a conviction, the name of the offense, the date thereof, and the sentence imposed is admissible. However, details of the offense may become admissible to show the true nature of the offense:
(1) When a witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, *219 confusion of the issues, or misleading the jury.
The State argues that because the defendant was convicted of possession of marijuana as a result of a bill charging him with distribution, this constitutes evidence of a single crime and not evidence of other crimes as contemplated by LSA-C.Cr.P. art. 770(2). The State argues that this indictment (bill), charging the defendant with distribution is evidence of the conviction for possession of marijuana and not other crimes evidence because it is this indictment which led to a conviction.
LSA-C.E. art. 609.1(C)(1) allows an inquiry into the details of a prior conviction when the witness has "denied the conviction or denied recollection thereof." The defendant in this case denied having more than one conviction, essentially denying his other convictions, thereby justifying the State's questions regarding the details of the offense. The purpose of this questioning was to determine which particular conviction the defendant was admitting or denying.
The Fourth Circuit has recently held that admitting into evidence the minutes of a prior conviction is proper when the defendant does not make a "clear admission." State v. Miller, 558 So.2d 1349 (La.App. 4th Cir.1990), affirmed as amended, 571 So.2d 603 (La.1990). Although the court in Miller, supra, was interpreting former LSA-R.S. 15:495, the new law does not change the circumstances under which a denial of a prior conviction occurs. Former LSA-R.S. 15:495 provides as follows:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
In comparing the above statute with LSA-C.E. art. 609.1 and the comments thereto, it appears that the new law changes the old law in two ways.
The first modification limits the admissibility of details of prior convictions to three specific instances, as follows:
(1) When the witness has denied the conviction or denied recollection thereof;
(2) When the witness has testified to exculpatory facts or circumstances surrounding the conviction; or
(3) When the probative value thereof outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
In relation to the first exception, the language in the former law required a failure to distinctly admit, whereas the present law requires a denial of either conviction or recollection. The language in the present law does not invalidate the jurisprudence under the prior law which determined when a defendant had failed to admit a conviction thereby allowing admission of details of the prior conviction into evidence. See State v. Jackson, 307 So.2d 604 (La.1975); State v. Tassin, 536 So.2d 402 (La.1988), cert. denied, 493 U.S. 874, 110 S.Ct. 205, 107 L.Ed.2d 159 (1989). The new law merely limits the admissibility of details of prior convictions to the three specific instances set forth above. See LSA-C.E. 609.1(C)(1) and former LSA-R.S. 15:495.
Similarly, in Tassin, supra, the defendant argued that the trial court erred in admitting into evidence certified copies of his prior convictions, contrary to LSA-R.S. 15:495, over his objections, after he had admitted the prior convictions. Tassin argued that one of the conviction records showed that he had originally been charged with two more serious crimes and pled guilty when the charges were reduced. The Louisiana Supreme Court found no error in the admittance of the conviction record, for credibility purposes, insofar as it showed the true nature of the offenses with which Tassin had originally been charged. Under Tassin, even if a defendant *220 admitted a prior conviction under former LSA-R.S. 15:495, it was not error to admit evidence which reflected the original charges brought in connection therewith if admitted to show the true nature of the offense.
Further, in State v. Alexander, 487 So.2d 468 (La.App. 3d Cir.1986) this court found that when a defendant denies a prior conviction, the district attorney may introduce additional evidence. The defendant in Alexander, supra, simply denied having any knowledge of prior felonies. The court held that this alleged lack of knowledge was clearly a failure to admit a prior conviction under former LSA-R.S. 15:495, thereby allowing admission of details of this offense. Under this rationale and the law as stated in Tassin, supra, the defendant herein sufficiently denied prior convictions thus opening the door for the State to introduce the original charges of these convictions. See LSA-C.E. art. 609.1(C)(1).
The second modification of the prior law seems to place the admissibility of such evidence within the discretion of the trial court. See State v. Singleton, 589 So.2d 1166 (La.App. 4th Cir.1991). In Singleton, the Fourth Circuit stated that the use of the words "may be admissible" in LSA-C.E. art. 609.1(C) reflect that even in the listed instances, admissibility is not automatic. Id. at 1170. This permissive language places the determination of admissibility within the trial court's discretion, not to be overruled absent clear error.
We find that the defendant denied several prior convictions, as contemplated by LSA-C.E. art. 609.1(C)(1) and former LSA-R.S. 15:495, sufficiently to warrant admission into evidence details of those convictions. Additionally, because the details of these convictions are admissible, this would not justify the granting of a mistrial under LSA-C.Cr.P. art. 770(2). Also the permissive language in LSA-C.E. art. 609.1(C) places admission of such evidence within the trial court's discretion. As a result, the trial court properly overruled defendant's motion for mistrial.

ASSIGNMENT OF ERROR NO. 2
The defendant next argues that there existed insufficient evidence to convict him of the aggravated crime against nature, aggravated rape, and attempted second degree murder. Under the Jackson v. Virginia standard, when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses, and, therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluation under the Jackson standard of review.
The victim's testimony and the factfinder's discretion in weighing credibility, together with the physical evidence introduced at trial, when viewed in the light most favorable to the prosecution, would allow a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt of the following crimes: aggravated crime against nature, aggravated rape and attempted second degree murder.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defendant contends that the trial judge failed to adequately articulate the reasons and factual basis for imposition of sentence as required by LSA-C.Cr.P. art. 894.1(C). Additionally, the defendant alleges that his sentences for the aggravated crime against nature and attempted second degree murder convictions are unconstitutionally excessive insofar as the sentencing guidelines suggest more lenient sentences for both crimes.
During the sentencing hearing, the court stated that it was "going to disregard the guidelines, feeling that the sentences therein provided are inadequate, in view of the circumstances of this incident for which the jury convicted him of three criminal offenses." Thereafter, the court sentenced the defendant to serve the mandatory life *221 sentence without benefit of parole, probation or suspension of sentence for the aggravated rape conviction. With respect to the aggravated crime against nature conviction, the court sentenced the defendant to serve the statutory maximum of fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence. For the attempted second degree murder conviction, defendant was sentenced to the statutory maximum of fifty (50) years at hard labor. All sentences were to be served concurrently. Defendant then filed a timely motion to reconsider the sentence which was denied.
Although LSA-C.Cr.P. art. 894.1 has been amended to mandate a consideration of the new sentencing guidelines, this amended article still requires a trial court to set forth a factual basis during imposition of sentence. LSA-C.Cr.P. art. 894.1(C). This requirement was retained in the new LSA-C.Cr.P. art. 894.1(C) and the jurisprudence interpreting this same language is still valid. In interpreting prior LSA-C.Cr.P. art. 894.1, this court has held that "[i]f there is an adequate factual basis for the sentence contained in the record, the sentencing court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing." State v. LeBlanc, 578 So.2d 1036, 1038 (La.App. 3d Cir.1991). Although the sentencing judge did not articulate a factual basis for the imposition of the maximum sentences, the record is sufficient to allow this court to review the sentences. State v. LeBlanc, supra.
The trial court sentenced the defendant to the statutory maximum of fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence for the aggravated crime against nature conviction and the statutory maximum of fifty (50) years at hard labor for the attempted second degree murder conviction, all to run concurrently. In contrast, the appropriate grid cell of the sentencing guidelines suggest a more lenient sentence of 102-72 months for each of these offenses.
Prior to the actual sentencing, the defendant informed the judge of the suggested sentences under the sentencing guidelines. However, the sentencing judge disregarded the guidelines because he felt that the sentences provided therein were inadequate in view of the defendant's conviction for three charges.
The sentencing court is not required to follow the guidelines in imposing sentence but must only state for the record that it considered such.
LSA-C.Cr.P. art. 894.1 provides in part as follows:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
LSA-C.Cr.P. art. 881.4(D),[1] art. 881.6,[2] and art. 894.1(A) make actual compliance with the sentencing guidelines discretionary as long as the trial judge states that he has considered the guidelines as mandated by LSA-C.Cr.P. art. 894.1. See also LSA-R.S. 15:326.
As stated in the transcript of the sentencing hearing, it appears that the sentencing judge considered the guidelines, but departed therefrom because the defendant was convicted of three extremely violent acts occurring in the same transaction.
The jurisprudence clearly indicates that to constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of *222 justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. See State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Everett, 530 So.2d 615 (La. App. 3d Cir.1988), writ denied 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
In this case, we find that the trial court sufficiently stated for the record that it considered the guidelines, thereby satisfying LSA-C.Cr.P. art. 894.1. We also find that the trial court justifiably deviated from the guidelines because of aggravating circumstances which warranted the imposition of the maximum sentence on each conviction.[3] A review of the evidence will reflect that the defendant forcibly grabbed the victim by the throat, forced her into the bathroom and vaginally raped her while continually threatening to kill her. The defendant then forced his penis into the victim's mouth, after which he removed it and repeated his vaginal rape to the point of ejaculation. After this brutalization, he then took her torn blouse and strangled her with it until she lost consciousness. When she awoke, he then struck her in the face.
In light of these extreme facts, we find that the sentence pronounced by the trial court is proportional to the seriousness of the offenses and the offender's criminal history. As such, we find no merit in defendant's contention that his sentences are unconstitutionally excessive.

CONCLUSION
Based upon the foregoing, the convictions and sentences of Michael James Jack, defendant herein, are hereby affirmed.
AFFIRMED.
NOTES
[1] D. The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
[2] No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
[3] We again note that the sentences at issue are to run concurrently with the mandatory life sentence at hard labor without benefit of parole, probation or suspension of sentence for defendant's conviction for aggravated rape.