STEWART, Judge.
Defendant, Jackie L. McGee, was charged by bill of information with three counts of distribution of cocaine, in violation of LSA-R.S. 40:967, and one count of solicitation of a minor to distribute cocaine, in violation of LSA-R.S. 40:981.2. The bill of information was amended and McGee pled guilty to one count of conspiracy to distribute cocaine and one count of possession of cocaine with intent to distribute. McGee was subsequently sentenced[1] to 11 years at hard labor on each count to be served concurrently.
On appeal, McGee challenges as excessive the sentence imposed and urges that the trial court failed to adequately comply with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1. We reverse and remand for resentencing.
FACTS
The narcotics officers of Troop F were contacted by an informant who told them that two black females had brought in a large quantity of cocaine to sell in the Monroe, Louisiana area. Sergeant Doug Johnston of the Louisiana State Police Department, received a telephone call from the informant stating that McGee and Yvonne Tracey were staying in the informant’s trailer in Monroe. The informant further stated that she had observed a large quantity of cocaine in her trailer which had been brought in by McGee and Tracey.
The informant came to Louisiana State Police Department headquarters where she was fitted with a body wire and recorder. The District Attorney’s Office and the state police officers listened to a conversation between McGee and Tracey in which they admitted to having cocaine in the trailer and that the cocaine belonged to them.
The informant then devised a plan. The plan was executed and McGee and Tracey left the trailer followed by the informant in her vehicle. The police officers continued to maintain a close surveillance. McGee and Tracey arrived at Kingsway Apartments, Tracey walked up to the informant’s vehicle and received a blue, plastic bag. McGee and Tracey started to walk toward the apartment complex when the police officers moved in, identified themselves, and confiscated the blue, plastic bag. The bag was later identified as containing a large amount of crack cocaine. Both McGee and Tracey were arrested.
McGee was charged with distribution of cocaine, conspiracy to distribute cocaine, soliciting a minor to distribute cocaine, and possession of cocaine. The possession of cocaine charge was later amended to pos *836 session of cocaine with intent to distribute with all other charges remaining the same. McGee pled guilty to conspiracy to distribute cocaine and possession of cocaine with intent to distribute. McGee was subsequently sentenced to 11 years at hard labor on each count to be served concurrently. This appeal ensued.
EXCESSIVE SENTENCE
McGee contends the trial'court erred by failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1and she urges that the sentence imposed is unconstitutionally excessive.[2]
When a defendant has been convicted of a felony, the court is mandated to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission when determining the appropriate sentence to be imposed. LSA-C.Cr.P. Art. 894.1A; State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993), The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence. LSA-C.Cr.P. Art. 894.1C. The record must show that the sentencing judge considered the Felony Sentencing Guidelines when sentencing the defendant.
When sentencing under the Felony Sentencing Guidelines, the court calculates a designated sentencing range for each offense. Felony Sentencing Guidelines § 201B. The designated sentencing range is calculated using the offense of conviction and the defendant’s prior criminal history. For multiple convictions such as here, the sentencing judge consults La. S.G. § 215 on concurrent and consecutive sentences. The trial court may depart from the designated sentencing range when there are sufficient aggravating or mitigating circumstances. When doing so, however, the court must state for the record the reasons for departure and pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history.
Here, none of the above procedures as set forth in the Felony Sentencing Guidelines were followed by the trial court. The record does not reveal that the trial court even considered the Felony Sentencing Guidelines when sentencing McGee. In fact, there is no mention of the Felony Sentencing Guidelines in the sentencing transcript. Since the record fails to reveal the trial judge considered the Guidelines as required by LSA-C.Cr.P. Art. 894.1 A, we vacate McGee’s sentences and remand for resentencing.
ERROR PATENT
The record shows that the trial court did not correctly inform McGee of the prescriptive period for post-conviction relief (PCR) as provided in LSA-C.Cr.P. Art. 930.8. In sentencing McGee, the court stated that she had “three years ... from today’s date to file an application of post conviction relief.”
Article 930.8 provides for a prescriptive period for PCR application of three years after the judgment of conviction and sentence has become final under the provisions of Art. 914 or 922. Though error patent, this apparent oversight has no bearing on appellant’s assigned error. The district court is directed to inform the defendant of the provisions of Art. 930.8 at the time of resentencing.
CONCLUSION
Accordingly, for the foregoing reasons, McGee’s sentences are vacated. This case is remanded to the district court for resen-tencing after properly considering the Felony Sentencing Guidelines.
SENTENCES VACATED; REMANDED.

. McGee was sentenced on June 15, 1992, after the effective date of LSA-C.Cr.P. Art. 881.1 (January 1992). Therefore, Art. 881.1 is applicable to the instant case.

. McGee timely filed a motion to reconsider which asserted her claim of excessiveness on several grounds pursuant to LSA-C.Cr.P. Art. 881.1. The motion was subsequently denied. Therefore, she is entitled to appellate review of the sentence imposed on her on the grounds asserted. LSA-C.Cr.P. Art. 881.2 A.