DOMENGEAUX, Chief Judge.
On May 7, 1992, a bill of indictment was filed charging the defendant, Gregory Lee Moore, with first degree murder in violation of La.R.S. 14:30. The defendant pled not guilty. On November 2, 1992, the charge was amended to accessory after the fact to first degree murder in violation of La.R.S. 14:25 and 14:30. The defendant entered a plea of guilty to the charge as amended. The court ordered a presentence investigation. On January 11, 1993, the trial court sentenced the defendant to serve five years at hard labor. The defendant filed a motion to reconsider sentence on January 13, 1993, which was denied by the trial judge. Defendant now seeks review of his sentence based on three assignments of error.
ERRORS PATENT
La.C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant at sentencing. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. Art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. Art. 914 or 922, so prescription is not yet running. The purpose of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance; thus, the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within 10 days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Colbert, 615 So.2d 32 (La.App. 3d Cir.1993).
FACTS
According to the offense report and witness statements, on September 2,1991, five males and one female went to Motel 5 to “get even” with the person who allegedly “ripped off” one of the males (Teryl Glenn Labbe) of his drugs and money. The group armed themselves and proceeded to the room at Motel 5 where Labbe had allegedly been robbed. No one was in the room, so they proceeded to another room, kicked in the door, and two of the males shot and killed the victim, David Wayne Tolbert. Later, the investigation revealed that the victim was not the person who had robbed Labbe of his drugs and money.
Defendant appeals, addressing three assignments of error:
1. The trial court erred in finding without any basis in fact contained in the “facts of the offense” or presentence report that the defendant traveled to the motel with intent to commit a homicide and/or seriously injure someone.
2. The trial court erred in disregarding the sentence guidelines without articulating or having an adequate factual basis for doing so.
3. The trial court erred in imposing the maximum sentence without finding or having a basis in fact for characterizing this as the most serious type of violation of the charged offense or Mr. Moore being the worst type of offender.
*517 ASSIGNMENT OF ERROR NO. 1:
The defendant abandons this assignment of error in his brief, stating that he “misheard” a statement by the trial judge.
ASSIGNMENT OF ERROR NO. 2:
By this assignment of error, the defendant contends the trial court erred in disregarding the sentencing guidelines promulgated by the Louisiana Sentencing Commission without articulating an adequate factual basis for doing so. More specifically, the defendant contends the trial court could not have stated more expressly and unequivocally his refusal to consider the guidelines. We quote from the sentencing transcript:
The guidelines are discretionary in my humble opinion until I’m told by superior court, that has authority over me, that these are not discretionary. They are completely discretionary.
The guidelines, I think, call for something like 18 to 24 months. I’m not going to pay any heed to that. I’m going to sentence you to the maximum permitted, five years, DOC.
La.C.Cr.P. art. 894.1 provides in pertinent part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
The defendant cites State v. Tracey, 612 So.2d 984, 986 (La.App. 2d Cir.1993) in support of his argument that the trial court erred in failing to consider the sentencing guidelines. In Tracey, the record revealed no indication that the trial court considered the felony sentencing guidelines. In the instant case, however, the trial judge clearly makes reference to the applicable range under the sentencing guidelines and states that he will not follow that range as it is discretionary. We find the trial court did indeed consider the guidelines and, in his discretion, chose not to follow them. Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3:
By this assignment of error, the defendant contends the trial court erred in imposing the maximum statutory sentence without having a basis in fact for characterizing this as the most serious type of violation of the charged offense or the defendant being the worst type of offender. Specifically, the defendant argues that maximum sentences are reserved for the most serious violations of the charged offense and the worst kind of offender.
Inasmuch as the trial judge did consider the guidelines as mandated by La.C.Cr.P. Art. 894.1(A) as discussed in the previous assignment of error, the issue in this assignment of error is whether the sentence imposed is constitutionally excessive in light of the trial judge’s failure to comply with the sentence recommended by application of the guidelines.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court determined that Art. 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court in Sepulvado, supra, found that the statutory criteria set forth in old La. C.Cr.P. Art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence clearly indicates that to constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La. *518 App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
We will use the new sentencing guidelines as an aid in determining whether this sentence is constitutionally excessive, as the criteria set forth in old La.C.Cr.P. Art. 894.1 has been replaced by the language requiring consideration of the new guidelines.
In order to use the sentencing guidelines as an aid, the appropriate grid cell of the sentencing guidelines grid must be determined for the instant offense. The grid cell is determined by the seriousness level of the offense and the criminal history index of the offender. The seriousness level for the offense of accessory after the fact is “6” regardless of the level of the felony to which the offender is an accessory. La. S.G. § 203 E(7), p. 4.
In calculating the criminal history index, two points must be given for the defendant’s prior felony conviction in Texas of possession of cocaine as it was the most serious of two convictions on the same day. La.S.G. § 205 C(3)(f). (The equivalent under Louisiana law would be La.R.S. 40:967(C), possession of cocaine, which has a seriousness level of “5.” La.S.G. § 401A, p. 24. The number of points for a prior level “5” felony conviction is two as indicated in the criminal history index for prior felony convictions. La.S.G. § 402A, p. 62.) The defendant’s three prior misdemeanor convictions require the addition of .75 to his criminal history index. Another point must be added to the index because the instant offense was committed while the defendant was in a custody status. La.S.G. § 205 C(3)(d), p. 7. The presentence report indicates this offense was committed while the defendant was on parole in Harris County, Texas. These factors give the defendant a criminal history index score of 3.75, which is a criminal history classification of “C”. La.S.G. § 402F, p. 83. Therefore, the designated sentencing range for this particular defendant is set forth in grid cell “6C” based on his criminal history and the seriousness of the offense committed.
The sentencing grid cell determined to be applicable indicates the designated sentencing range is 24-18 months or a suspended sentence with the imposition of 165-110 sanction units. Grid cell “6C” is in the discretionary sanction zone on the grid, meaning the court can select a sentence of incarceration or impose intermediate sanctions.
The trial judge sentenced the defendant to five years at hard labor, the maximum statutory sentence for accessory after the fact, which was in excess of the applicable sentencing range under the guidelines. The sentencing guidelines set forth a method for departure from the designated sentencing range: When departing from the designated sentencing range, the court shall pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history, and state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor. La.S.G. § 209A, p. 9.
In sentencing the defendant, the trial judge stated he ordered the presentence investigation because of his inability to accept the sentence recommended at the time of the defendant’s guilty plea, which was the maximum under the sentencing guidelines, i.e., two years. The trial judge commented on the facts that a killing occurred, that the instant charge was reduced from a charge of first degree murder, and that the defendant was armed with a gun and present at the scene of a murder. The judge further stated that the victim’s family has suffered a terrible loss.
The defendant pled guilty to being an accessory after the fact to a murder. The sentence suggested by application of the guidelines does not take into account the aggravating factors mentioned by the trial judge. We conclude the trial judge did state adequate reasons for his departure from the guidelines and the sentence imposed was not excessive. The trial judge *519 considered the entirety of the defendant’s conduct in the circumstances of this crime, not merely the specific elements of the offense of accessory after the fact. Conversely, the sentencing guidelines’ grid does not allow for consideration of extraneous circumstances such as those articulated by the trial judge. Accordingly, in this instance, we find the judge properly departed from the guidelines..
DECREE
Notice of La.C.Cr.P. Art. 930.8 shall be given to the defendant in accordance with this opinion. In all other respects, and for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.