PER CURIAM.
Defendant, Willie Gene Scott, was charged by grand jury indictment with three counts of distribution of cocaine, violations of LSA-R.S. 40:967(A). Pursuant to a plea bargain agreement, the defendant pled guilty to three counts of possession of cocaine, violations of LSA-R.S. 40:967(C). On December 16, 1992, the defendant was sentenced to five years hard labor on each count with the sentences assessed consecutively. Defendant now appeals, claiming that the sentences imposed upon him are excessive. We reverse and remand for re-sentencing.
On May 21, 1992, agents of the Third District Narcotics Enforcement Team met *1198 at the Greenwood Cemetery in Ruston, Louisiana. One of the agents went to Railroad Avenue in Grambling, Louisiana, where she was stopped by the defendant. The defendant proceeded to sell the undercover agent two rocks of crack cocaine for $20. The same scenario was repeated the next day as the defendant sold the undercover agent several small pieces of crack cocaine for $20. On June 2, 1992, the defendant once again sold the undercover agent one rock of crack cocaine. The defendant was subsequently arrested and pled guilty to the three counts of possession of cocaine. On appeal, defendant contends the sentences imposed upon him are excessive.
Initially, we note that the Felony Sentencing Guidelines, which became effective on January 1, 1992, are applicable in the instant case since the defendant was sentenced on December 16, 1992. Defendant made an immediate oral motion to reconsider the sentences in accordance with LSA-C.Cr.P. Art. 881.1. However, the trial court denied this motion. Since defendant filed a timely motion to reconsider his sentences, he is entitled to appellate review of the sentences imposed upon him. LSA-C.Cr.P. Art. 881.2(A).
When a defendant has been convicted of a felony, the court is mandated to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission when determining the appropriate sentence to be imposed. LSA-C.Cr.P. Art. 894.1(A); State v. Tracey, 612 So.2d 984 (La.App.2d Cir.1993). The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence. LSA-C.Cr.P. Art. 894.-1(C); State v. Tracey, supra. The record must show that the sentencing judge considered the Felony Sentencing Guidelines when sentencing the defendant. State v. McGee, 614 So.2d 834 (La.App.2d Cir.1993).
In the instant case, the record does not reveal that the trial court considered the Felony Sentencing Guidelines when sentencing the defendant. In fact, there is no mention of the Felony Sentencing Guidelines in the sentencing transcript. The trial court did mention the defendant’s criminal history when sentencing the defendant. However, under the Felony Sentencing Guidelines, the trial court is required to calculate a designated sentencing range for each offense. Felony Sentencing Guidelines § 207. The designated sentencing range is calculated using the offense of conviction and the defendant’s prior criminal history. The trial court is allowed to depart from the designated sentencing range when there are sufficient aggravating or mitigating circumstances. Felony Sentencing Guidelines § 209. When departing from the designated sentence range, the trial court shall state for the record the reasons for departure and pronounce a sentence which is proportional to the seriousness of the offense and the offender’s criminal history. In the case of multiple convictions, such as here, the sentencing judge should consider the Felony Sentence Guidelines § 215 for guidance in imposing concurrent or consecutive sentences.
In the instant case, none of the above procedures as set forth in the Felony Sentencing Guidelines were followed by the trial court. The trial court did not calculate- the designated sentencing range or give reasons for departure. Since the trial court did not consider the Felony Sentencing Guidelines as mandated by LSA-C.Cr.P. Art. 894.1(A), we are required to reverse and vacate the defendant’s sentences. The case is remanded to the district court for sentencing in accordance with the Felony Sentencing Guidelines. In resentencing the defendant, the trial court shall give defendant credit for time served in accordance with LSA-C.Cr.P. Art. 880, and notify the defendant of the prescriptive period for post-conviction relief under LSA-C.Cr.P. Art. 930.8.
REVERSED AND REMANDED.