630 So.2d 284 (1993)
STATE of Louisiana
v.
Gregorianna T. KROGH.
No. 92-KA-1552.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
*285 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Robyn C. Gulledge, Asst. Dist. Atty., New Orleans, for appellee.
Before BYRNES, CIACCIO and JONES, JJ.
CIACCIO, Judge.
Defendant, Gregorianna Krogh, was convicted of solicitation for crime against nature, a violation of R.S. 14:89, subd. A(2). The trial court sentenced her to serve eighteen (18) months at hard labor. Pursuant to C.Cr.P. art. 881.1, defense counsel filed a motion to reconsider the sentence. The State subsequently filed a multiple bill and the trial court vacated the original sentence after finding the defendant a second felony offender. The trial court sentenced defendant under the provisions of R.S. 15:529.1 to serve forty months at hard labor. Defendant did not file a motion to reconsider the sentence after being sentenced as a habitual offender. We previously affirmed defendant's conviction and sentence in State v. Gregorianna Krogh, 614 So.2d 367 (La.App. 4th Cir.1993). The Louisiana Supreme Court granted writs in part and remanded the case to us "to consider the claim of constitutional excessiveness raised in the motion for reconsideration of the original sentence." State v. Krogh, 620 So.2d 1324 (La. 1993).
Defendant contends that the trial court imposed an unconstitutionally excessive sentence. She was sentenced as a multiple offender to serve forty months at hard labor. Under R.S. 14:89 and R.S. 15:529.1, the range of a possible sentence for a second offender is from a minimum of two and one half years (thirty months) to a maximum of ten years.
The Louisiana Felony Sentencing Guidelines became effective January 31, 1992. C.Cr.P. art. 894.1 now provides that a sentencing judge shall consider the guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to impose. Although actual compliance with these guidelines is discretionary, the record must reflect that they were considered by the sentencing judge. State v. Claiborne, 624 So.2d 17 (La.App. 4th Cir.1993); State v. Jack, 614 So.2d 215 (La. App. 3rd Cir.1993). A review of the transcripts from the original sentencing held May 7, 1992, and from the sentencing held May 15, 1992, indicates that the trial court did not consider the Felony Sentencing Guidelines. In fact, there is no mention of the guidelines in either sentencing transcript.
Although the trial court refers to the factors contained in Subsection A of article 894.1 before it was rewritten in 1992, it did not calculate a sentencing range for the offense. La.S.G. Sec. 207. The designated range is calculated using the offense of conviction and the defendant's prior criminal history. The trial court is permitted to depart from the designated range when there are sufficient aggravating or mitigating circumstances. La.S.G. Sec. 209. When departing from the sentencing guidelines, the trial court shall state for the record the reasons for departure and pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history. State v. Scott, 622 So.2d 1197 (La. App. 2d Cir.1993).
La.S.G. Sec. 309(B) provides that if the minimum sentence allowed under the habitual offender law is greater than the maximum sentencing range specified by the sentencing guidelines, the trial court should impose the minimum sentence provided by law, unless aggravating circumstances justify imposition of a more severe sentence. In the *286 present case, the minimum sentence for a second offender convicted of a crime against nature is one-half the five year sentence or thirty months. Thus the forty month sentence is only ten months beyond the minimum thirty month sentence.
However, in State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court held that the minimum sentence under the habitual offender law may be constitutionally excessive. The court in Dorthey stated:
"if in this case when the defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no `measurable contribution to the acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering', and is `grossly out of proportion to the severity of the crime', he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive."
Dorthey, at 1280-1281.
Thus in the present case, although the sentencing guidelines suggest that the minimum sentence under the habitual offender law should be the correct sentence, the recent announcement by the Louisiana Supreme Court in Dorthey indicates that a lesser sentence could be imposed by the trial court if it believed that the minimum sentence under the multiple bill would be constitutionally excessive.
In the present case, the defendant's rap sheet indicates that the defendant has been convicted of crime against nature two previous times. Crime against nature is a level nine offense and adding three points for the prior convictions (one point for each crime against nature offense, and one misdemeanor offense) indicate that the defendant has a category "C" rating. The appropriate sentence for a level 9 offense, category "C" is between five and eight months. Thus in the present case, the forty month sentence grossly deviates from the sentence recommended by the sentencing guidelines. Because the trial court did not refer to the sentencing guidelines, and because the sentence imposed grossly deviates from the recommended sentence, the defendant's sentence is hereby vacated and the case remanded for resentencing in light of the Felony Sentencing Guidelines and State v. Dorthey.
SENTENCE VACATED AND REMANDED.