|1JONES, Judge.
Gregorianna Krogh was charged by bill of information on March 25, 1992, with solicitation for a crime against nature, a violation of La.R.S. 14:89(2). A six-member jury found her guilty as charged. The appellant was found to be a second felony offender, and the trial judge sentenced her under the provisions of La.R.S. 15:529.1 to serve forty months at hard labor in the custody of the Department of Corrections. No motion for reconsideration of sentence was filed.[1] This Court affirmed the appellant’s conviction and sentence in an unpublished opinion. State v. Gregorianna Krogh, 92-KA-1552, 614 So.2d 367 (La.App. 4th Cir. February 26, 1993). The Louisiana Supreme Court granted writs and remanded the case to this Court for consideration of the issue of constitutional excessiveness as raised in the motion to reconsider sentence filed Rwhen the appellant *534 was originally sentenced. State v. Krogh, 620 So.2d 1324 (La.1993).
This Court then vacated appellant’s sentence and remanded the case for resentenc-ing in accordance with the guidelines and State v. Dorthey, 623 So.2d 1276 (La.1993). State v. Krogh, 630 So.2d 284 (La.App. 4th Cir.1993). Appellant was resentenced on January 21, 1994, to serve thirty months at hard labor.
Because the appellant was able to earn good time, her sentence of thirty months became fifteen months, and according to the Orleans Parish Prison Record Room, she was released from prison March 23, 1995. Consequently, as noted by defense counsel, no useful purpose would be served by addressing the issue of whether the trial court complied with the appellate court’s orders in resentencing the appellant. For this reason, counsel has filed a brief requesting only a review for errors patent.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed her that she had the right to file a brief on her own behalf. She has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries Igof the district court proceedings, the bill of information and all transcripts contained in the appeal record. The appellant was properly charged by bill of information with a violation of La.R.S. 14:89(2) and the bill was signed by an assistant district attorney. The appellant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of solicitation for a crime against nature beyond a reasonable doubt. The sentence of thirty months at hard labor as a second offender under La. R.S. 15:529.1 is legal in all respects. Accordingly, the appellant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

CONVICTION AND SENTENCE AFFIRMED, MOTION TO WITHDRAW GRANTED.

. A motion to reconsider the sentence had been filed when the appellant was originally sentenced to eighteen months at hard labor. That sentence was vacated at the multiple bill sentencing.