461 So.2d 484 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alfred HENRY, Jr., Defendant-Appellant.
No. CR84-332.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Writ Denied March 8, 1985.
*485 Mark A. Delphin, Delphin & Granger, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., Gernine Mailhes, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET and CUTRER, JJ., and CULPEPPER, J. Pro Tem.
CULPEPPER, Judge.
The defendant, Alfred Henry, Jr., was charged with distribution of marijuana, and after a trial by jury was found guilty of attempted distribution of marijuana. The defendant was given a suspended sentence of 18 months at hard labor and was placed on supervised probation for a period of two years subject to special conditions. Defendant argues on appeal that the trial court erred in failing to grant a mistrial following certain statements by a prosecution witness, and that the evidence presented is insufficient to support the conviction. We affirm.

FACTS
The State's principal witness was Deputy John Patrick Arceneaux, an undercover agent working for the Calcasieu Parish Sheriff's Department. Deputy Arceneaux testified that on June 10, 1983, he went to the defendant's home for the purpose of purchasing a quarter pound of marijuana. The marijuana was delivered to the defendant by a person identified as John Guillory, and the defendant sold Deputy Arceneaux a bag purporting to be a quarter pound for $300. The defendant admits that there were individuals smoking marijuana at his home on the night in question, but he denies having sold any marijuana to Deputy Arceneaux.
Deputy Charles Palombo, who was working with Deputy Arceneaux at this time, testified that he searched Deputy Arceneaux and his automobile prior to the drug buy, and he possessed no drugs. After the buy, Deputy Arceneaux turned the marijuana over to Deputy Palombo. The marijuana was identified and presented as evidence at trial.
Defense witnesses who were present in defendant's home on the night in question testified that they observed no sale of marijuana by the defendant to Deputy Arceneaux. Defense witnesses testified further that Deputy Arceneaux smoked marijuana with them at defendant's home, an assertion denied by Deputy Arceneaux.

MOTION FOR MISTRIAL
Defendant argues that the trial court erred in failing to grant a mistrial following remarks made by Deputy Arceneaux during the State's rebuttal. The colloquy between the assistant district attorney and Deputy Arceneaux out of which this issue arose appears in the transcript as follows:
"Q. Mr. Arneneaux (sic), this simulated smoking with Mr. Capdeville, where did it occur?
A. In the driveway of my home.
Q. And why was he there?
A. He told me that he had information I was a narcotics agent, and that Alfred Henry said ...
MR. CARTER: Your Honor ...
A.... he would kill me before going to jail.
MR. CARTER: ... I object....."
The trial judge sustained the defendant's objection to the testimony on the basis that it was hearsay. Defendant's motion for mistrial, made out of the hearing of the jury, was denied, and the jury was instructed to disregard the last statement made by Deputy Arceneaux. Defendant argues on appeal that the comment by Deputy Arceneaux constitutes inadmissible evidence of prior crimes or acts of misconduct which should entitle him to a mistrial.
We note first that the requirements of LSA-C.Cr.P. art. 770 are not applicable to the comments of Deputy Arceneaux. Article 770 requires a mistrial in the event that a remark referring to another crime committed or alleged to have been committed *486 by the defendant is made within the hearing of the jury by the judge, district attorney or a court official. The Louisiana Supreme Court has held that a policeman is not a court official within the meaning of the article and a mistrial is not required, but that the proper remedy would be an admonition to the jury. State v. Hayes, 414 So.2d 717 (La.1982). When a remark regarding prior crimes is made by someone other than a judge, district attorney or court official, an admonition is required under LSA-C.Cr.P. art. 771; however, in order to trigger the need for such an admonition the remark must be an unambiguous reference to crimes alleged to have been committed by the defendant. State v. Hayes, supra. The remark by Deputy Arceneaux regarding defendant's hostility toward him does not fit that requirement.
Despite defense argument to the contrary, it does not appear that Deputy Arceneaux's comment was responsive to the prosecuting attorney's question, nor was it solicited. The questioning leading to the objectionable comment was designed to rebut defendant's evidence that Deputy Arceneaux used drugs. The trial judge acted properly in admonishing the jury to disregard the remark and in sustaining defendant's objection to the evidence on the basis of hearsay. The comment in question was not so prejudicial as to violate defendant's right to a fair trial.

SUFFICIENCY OF THE EVIDENCE
By this assignment, defendant argues that there was insufficient evidence to support the conviction. It is well settled that a claim of insufficient evidence is judged by considering whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. In the case before us it is clear that the trier of fact determined that the State's witnesses, particularly Deputy Arceneaux, were more credible than those presented by the defense. The question of credibility is within the sound discretion of the trier of fact, and the determinations in that regard will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981).
Deputy Palombo testified that Deputy Arceneaux was searched before the buy was to take place and that he had no drugs on his person or in his vehicle. Deputy Arceneaux testified that he purchased what appeared to be marijuana from the defendant at the defendant's home. Subsequent analysis of the substance proved it to be marijuana. Deputy Palombo testified further that Deputy Arceneaux handed him the marijuana upon his return from defendant's residence. At that time Deputy Palombo again searched Deputy Arceneaux and his vehicle and found nothing.
In viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. There is no merit to this assignment of error.
For the above reasons, defendant's conviction is affirmed.
AFFIRMED.