615 So.2d 32 (1993)
STATE of Louisiana
v.
Eddison L. COLBERT.
No. CR92-920.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*33 David Wayne Burton, De Ridder, for State of La.
Charles A. "Sam" Jones III, De Ridder, for Eddison Colbert.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
The defendant, Eddison L. Colbert, was convicted of one count of distribution of cocaine in violation of La.R.S. 40:967A(1) and one count of possession of cocaine in violation of La.R.S. 40:967C. The defendant was sentenced to serve five years at hard labor for the distribution conviction and three years at hard labor for the possession conviction, the terms to run concurrently. The defendant appeals his conviction and sentence, assigning six errors allegedly committed by the trial court.

FACTS
The record reveals the following facts: On October 10, 1990, Beauregard Parish Sheriff's Deputy Saul Wilson went to the residence of the defendant in an attempt to purchase cocaine. Deputy Wilson had received information from other law enforcement officers regarding possible drug related activities. Accompanying him were his partner, Deputy Jackson, and a confidential informant. After the informant made the initial contact with the defendant inside his residence, Deputy Wilson entered the residence while Deputy Jackson remained in their vehicle. Once inside, the defendant offered Deputy Wilson crack cocaine. He declined but asked if he could purchase an amount of crack for $300.00 in cash. After Deputy Wilson asked for security so that the defendant would not abscond with his money, the defendant wrote a personal check in the amount of $300.00.
The defendant informed Deputy Wilson that he had to leave for two or three hours in order to acquire the crack and return. The two deputies and the informant then left the residence. After dropping off the informant, the deputies went to the sheriff's office to make a copy of the check and wait for the defendant's return. There is a question as to whether the informant, after being dropped off, accompanied the defendant to purchase the crack cocaine. Sometime later, both deputies returned to the defendant's house where the defendant gave Wilson nine rocks of crack cocaine, and Wilson returned the defendant's check back to him. The defendant thanked him and gave him his phone number so they could do business again.
As a result of this offer, Deputy Wilson contacted the defendant again on October 13, 1990. The defendant told Wilson to meet him at a car wash. Upon Wilson's arrival, the defendant asked him how much crack he wanted this time. Wilson responded that he had $300.00 with him. The defendant accepted the offer and told Wilson it would take 2½ hours to acquire the *34 crack. Later this same night both individuals met back at the car wash where the defendant gave Wilson nine rocks of crack cocaine. After this second transaction, the defendant was arrested and charged with two counts of distribution of cocaine.
Although the defendant did not dispute that he smoked crack cocaine, he alleged at trial that the confidential informant accompanied him and actually purchased the cocaine. He further alleged that he held Deputy Wilson's money only because the informant had a reputation for stealing. The defendant contended that the contact for purchasing the crack cocaine was the informant's contact, and he participated in the transaction merely to acquire cocaine for his own personal consumption. The defendant also asserted the defense of entrapment. The defendant does not argue the defense of entrapment in this appeal; rather, he assigns as error certain evidentiary rulings and possible juror misconduct.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
The defendant's first three assignments of error involve the State's reference to other crimes committed by the defendant. The initial reference to another crime was made in the prosecutor's opening statement: "Saul Wilson, the deputy with the Beauregard Parish Sheriff's Office, developed some information that this man was dealing cocaine." Defense counsel objected and moved for a mistrial based on the reference to other crimes. The trial court overruled the objection and denied the mistrial.
After opening arguments were completed, the State called Deputy Wilson as its first witness. Wilson testified that he focused an investigation on the defendant because, "Officers had informed me that activities of drug selling." At this point, defense counsel objected on the grounds that the testimony constituted impermissible hearsay and other crimes evidence.
In this appeal, the defendant argues that the prejudicial effect of the other crimes evidence, elicited through hearsay testimony, far outweighed its probative value. He also contends the State failed to comply with the notice requirement for other crimes evidence set forth in State v. Prieur, 277 So.2d 126 (La.1973) and codified at La. C.E. Art. 1103. Defendant argues that the testimony of Deputy Wilson was therefore inadmissible and constitutes reversible error; the defendant also argues that the comment made during the prosecutor's opening statement constituted grounds for a mistrial.
We are not convinced that the evidence and comment referred to by the defendant constitute impermissible hearsay or other crimes evidence. Deputy Wilson's testimony concerning the overall investigation was based on his personal involvement in it. The evidence was not offered to prove the truth of the details which were supplied to him and he did not testify as to such details. Wilson's testimony provided the background leading up to the defendant's arrest. He gave no specific facts concerning prior activities of the defendant and, in fact, it is apparent that Wilson was not even aware of any particular crime committed by the defendant prior to the instant offense. Such vague, nonspecific testimony does not constitute other crimes evidence.
The prosecutor's reference to this testimony in his opening statement, likewise, was not improper.
Even assuming that Deputy Wilson's testimony could be considered as other crimes evidence, we point out that it would be admissible in this case. The defendant raised the defense of entrapment in voir dire proceedings and in his opening statement. Therefore, the State could properly present other crimes evidence to show the defendant's predisposition to commit the instant offense. State v. Farmer, 497 So.2d 777 (La.App. 3d Cir.1986), sentence modified, 503 So.2d 469 (La.1987); State v. Batiste, 363 So.2d 639 (La.1978); La. C.E. Art. 405B.
Accordingly, we find no error in the trial court's refusal to grant a mistrial during the prosecutor's opening statement, and we affirm the trial court's evidentiary ruling *35 on the testimony elicited from Deputy Wilson.

ASSIGNMENT OF ERROR NO. 4
In his next assignment of error, the defendant contends the trial court erred in allowing into evidence a copy of a check without showing that the original check was unavailable.
During the direct examination of Deputy Wilson, the prosecutor offered into evidence a copy of a check Wilson received from the defendant as security for the money paid for the cocaine which defendant was to purchase for Wilson. Over defense counsel's objection, the copy was admitted into evidence. The defendant based his objection on the fact that the State did not attempt to acquire the original check during discovery, thereby failing to show the original was unavailable. The trial court overruled the objection.
Under the provisions of La. C.E. Arts. 1003 and 1004(4), we conclude that the copied check was admissible in this case. There are no circumstances presented which would require the exclusion of the copy; furthermore, the document was presented merely to prove a collateral matter and not a central issue of the case.
The copied check at issue is nothing more than corroborative evidence of the defendant's identity and is not central to the conviction. Overwhelming evidence sufficient to convict the defendant was presented and the evidentiary value of the check was negligible. Accordingly, we find no error in the trial court's admission into evidence of the copied check.

ASSIGNMENT OF ERROR NO. 5
The defendant next contends that the trial court erred in failing to grant a mistrial when it was discovered that a juror referred to his own personal notes during deliberations. This argument has no merit.
In State v. Ledet, 298 So.2d 761 (La. 1974), the Supreme Court held that reference by a juror to personal notes is not reversible error. Further, the defendant has not shown or alleged any prejudice as a result of the juror's reference to his notes.

ASSIGNMENT OF ERROR NO. 6
In his final assignment of error, the defendant contends he received an excessive term of imprisonment. The defendant, however, did not make a motion to have the sentence reconsidered by the trial court. Accordingly, under La.C.Cr.P. 881.1D, the defendant is precluded from raising the issue of excessiveness on appeal. State v. Belsha, 608 So.2d 291 (La.App. 3d Cir. 1992); State v. Gachot, 609 So.2d 269 (La. App. 3d Cir.1992).

PATENT ERROR REVIEW
La.C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the trial court did not so inform the defendant. This error, however, is not grounds to reverse the sentence or remand the case for resentencing. La. C.Cr.P. Art. 921. Nonetheless, the trial court must inform the defendant of the prescriptive period before it begins to run, which is when the judgment becomes final.
Thus, we order the district court to inform the defendant of the provisions of La.C.Cr.P. Art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992).

DECREE
Notice of La.C.Cr.P. Art. 930.8 shall be given to the defendant in accordance with this opinion. In all other respects, and for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED WITH INSTRUCTIONS.