DOMENGEAUX, Chief Judge.
Defendant, Paul Chevalier, was convicted of distribution of cocaine in violation of La.R.S. 40:967. He was sentenced to serve 10 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction, assigning four errors, all but one of which have been abandoned in this appeal.
On March 28,1991, St. Mary Parish Sheriffs Deputy Troy Gant was working for the Lafayette Metro Narcotics Unit in an undercover capacity to purchase illegal narcotics. The focus of this operation was an area known as “the car wash” on North Pierce Street in Lafayette. In charge of the investigation was Deputy Corey Jackson of the Lafayette Parish Sheriffs Office. Deputy Gant and a confidential informant went to the car wash where the informant introduced Gant to the defendant. Deputy Gant asked the defendant if he had anything to sell, to which defendant replied, “yes.” Discussing the transaction, Deputy Gant and defendant went inside an adjacent bar and then into the bathroom in the bar where Gant gave defendant $40.00 in return for a small ziplock bag of cocaine powder. As a result of this transaction, defendant was arrested for distribution of cocaine.
In his assignment of error, defendant contends the trial court erred in denying a motion to suppress the identification of the defendant by Deputy Gant. In this motion, defendant alleged that the out of court, one-on-one photographic identification by Deputy Gant was impermissibly suggestive and in violation of his right to due process of law under the U.S. Constitution. Defendant further argued that any subsequent in-court identification by Deputy Gant would be tainted and should be suppressed.
A hearing was held on defendant’s motion to suppress. The transcript of that hearing reveals that Deputy Gant recognized defendant in court as a result of his recollection of defendant at the time of their drug transaction, not as a result of his viewing a photograph of defendant two weeks after the transaction took place. The trial judge gave the following conclusions in denying defendant’s motion:
The Court will deny the Motion to Suppress, finding that there was a sufficient length of time that Officer Gant came into contact with the defendant during this alleged drug transaction; that at the time they were together on March 28th, 1991, the weather was clear outside; and when they were inside the lighting was bright, and there was no reason for him not to clearly observe the identity of the defendant or the person who he purchased the drugs from. And I agree with Mr. States, that the later showing of the photograph some two weeks later merely confirmed his recollection of the identity of the defendant, and that his in-court identification of the defendant is based on his recollection made at the time of the alleged buy.
In his appeal, defendant argues that the identification by Deputy Gant was imper-missibly suggestive and gave rise to the possibility of misidentification. Defendant points out that after the drug transaction, Deputy Gant told Deputy Jackson that he had purchased drugs from a black male named Paul. Jackson then spoke to the confidential informant who told him Paul’s last name was Chevalier. Jackson then obtained a photograph of defendant and *836 showed it to Gant who made a positive identification.
While it is true that a single photographic identification will generally be regarded with suspicion, it is also true that before such evidence will be excluded, the reliability of the identification must be considered. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The factors to be considered in determining reliability include the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Brathwaite, 97 S.Ct. at 2253. Further, these factors are to be weighed against the corrupting effect of the suggestive identification itself. Brathwaite, 97 S.Ct. at 2253.
In the present case, Deputy Gant spent several minutes close enough to defendant to be within touching distance. The two met at a car at 1:30 in the afternoon on a sunny day, walked together into an adjacent, well-lit bar, and conducted a drug transaction in a very small, brightly lit bathroom. Deputy Gant is a professional, experienced undercover law enforcement officer. He testified as to details of the drug transaction, and the circumstances leading up to it, which indicate good attention maintained throughout the criminal activity. He was not merely a casual observer or bystander; rather, he was an active participant in the activity. Gant testified that he orally gave Deputy Jackson an accurate description of the defendant, although Jackson could not recall the description and it was not documented.
Deputy Gant testified both at trial and at the suppression hearing that there was no doubt in his mind the defendant was the individual who sold him the cocaine. Further, the in-court identification was based upon Gant’s observations at the time of the drug transaction and not from his memory of viewing the photograph. Finally, we note that the photographic identification was made only one to two weeks after the transaction, and the in-court identification was made only one year later.
In view of these circumstances, we find no substantial likelihood of misidentification and conclude that the trial judge properly denied defendant’s motion to suppress. In the Brathwaite case, the Supreme Court discussed the jury’s role in determining the reliability of an identification: “Juries are not so susceptible that they cannot measure intelligently the weight of identification testimony that has some questionable feature.” 97 S.Ct. at 2254. In this case, the jury was properly allowed to hear evidence of the identification to which they could attach whatever weight they deemed appropriate. Indeed, defendant’s counsel strenuously and competently, albeit unsuccessfully, urged the defense of misidentifi-cation to the jury, so the question of reliability was fully considered.
In addition to reviewing defendant’s assignment of error, we have also reviewed the record for patent error. La.C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post conviction relief. The record shows the trial judge did not so inform the defendant. This error, however, is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. Art. 921. Nonetheless, the trial court must inform the defendant of the prescriptive period before it begins to run, which is when the judgment becomes final.
Thus, we order the district court to inform the defendant of the provisions of La.C.Cr.P. Art. 930.8 by sending appropriate notice to the defendant within 10 days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Colbert, 615 So.2d 32 (La.App. 3d Cir.1993).
DECREE
Notice of La.C.Cr.P. Art. 930.8 shall be given to the defendant in accordance with this opinion. In all other respects, and for *837 the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED WITH INSTRUCTIONS.