651 So.2d 487 (1995)
STATE of Louisiana, Plaintiff-Appellant,
v.
Laura HODGES, Defendant-Appellee.
No. CR94-898.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
Todd Samuels Clemons, Paul Peter Reggie, for State.
Bobby Kenneth Pitre, for Laura Hodges.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
The defendant, Laura Hodges, was found to be a second felony offender after the state filed a habitual offender bill following her conviction on three counts of cocaine distribution. The trial judge sentenced her to nine concurrent years at hard labor on each count. The statutory sentencing range was 15-60 years under La.R.S. 15:529.1 and 12½-15 years under the sentencing guidelines. *488 However, the trial judge, relying on State v. Dorthey, 623 So.2d 1276 (La.1993), concluded that these sentencing ranges were constitutionally excessive.
After the trial judge denied the state's motion to reconsider the sentence, it appealed.
For the following reasons, we affirm.

ASSIGNMENT OF ERROR
The sole issue is whether the trial court erroneously deviated from the sentencing guidelines without stating for the record the specific circumstances warranting a departure from the guidelines and the factual basis for the departure.

DISCUSSION
A conviction for distribution of cocaine carries a 5-30 years term of imprisonment. See La.R.S. 40:967B(1). Under the habitual offender statute, Laura Hodges was subjected to a statutory sentencing range of 15-60 years. See La.R.S. 15:529.1A(1).
The state contends the trial judge failed to consider the sentencing guidelines which recommended a minimum sentence of twelve and one-half year's to a maximum of fifteen years. The state directs this court's attention to the Felony Sentencing Guidelines § 309 which provides in pertinent part:
Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
Accordingly, the state contends that "the maximum sentence under the sentencing guidelines was fifteen years; therefore, the defendant should not have received less than fifteen years." The trial judge sentenced the defendant on each count to a term less than that mandated by La.R.S. 15:529.1.
The state contends the trial court erred in deviating from the sentencing guidelines without stating for the record the specific circumstances warranting a departure from the guidelines and a factual basis for the departure. See State v. Smith, 639 So.2d 237 (La.1994). The trial court relied on State v. Dorthey, supra, as its authority for departing from the provisions of La.R.S. 15:529.1 and the guidelines. In Dorthey, the Louisiana Supreme Court reversed a defendant's sentence of twenty years and remanded the case to the district court for further proceedings, including resentencing, subject to the district court's determination as to whether the minimum sentence mandated by La.R.S. 15:529.1 for that defendant and for that crime was constitutionally excessive. The court held that a minimum sentence under the habitual offender law may be excessive. The court went on to state:
"if in this case when the defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no `measurable contribution to the acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering', and is `grossly out of proportion to the severity of the crime', he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive."
Dorthey, at 1280-1281. See also State v. Krogh, 630 So.2d 284 (La.App. 4th Cir.1993), where the fourth circuit acknowledged that under Dorthey, a trial court could possibly find that a minimum sentence under the Felony Sentencing Guidelines for a multiple offender is excessive.
Although Dorthey provides no guidance for this court to ascertain how specific a trial court must be when stating for the record the reasons for the imposition of a sentence less than the minimum provided by La.R.S. 15:529.1, the reasons given by the trial judge in this case were sufficient to support his downward departure from the sentencing guidelines and the provisions of La.R.S. 15:529.1.
At the hearing on the state's motion to reconsider the defendant's sentence, the trial *489 judge gave lengthy reasons which consumed several pages of the record. He was impressed with the tremendous number of letters from the community and family expressing a desire to have the court extend sympathy. He was "moved by the letters," particularly the one from Ms. Hodge's young daughter. He thought nine years of imprisonment was "no walk in the park." Furthermore, he expressed the notion that:
"[T]he court ought to have discretion to give a lesser sentence provided under the law within reasonable confines given the facts and situation of the case. And that's what I did." (Emphasis supplied).
The trial judges discussed State v. Dorthey, supra, at length and stated that:
"I'm not saying the sentence of fifteen years is grossly out of proportion to the severity of the crime. But, I'm saying in this case, however, fifteen years, in my opinion will amount to a reasonably [sic] excessive sentence, and in my opinion an unconstitutional sentence because I feel, as the trial judge, that a lesser sentence would adequately satisfy her conduct and would give her an opportunity to become reunited with her family and at the same time give her adequate punishment for what she done [sic], nine years ..."
At the sentencing, the judge felt that the defendant was not a "hard core" criminal. He thought the nine year term would be "a fair, sentence," and
"[t]o give more time just because the guidelines say so, would be just imposing punishment without any ... not satisfying myself that it was reasonable. So, I did what I thought was reasonably fair under the circumstances." (Emphasis supplied).
We feel the reasons given by the trial judge were abundantly sufficient to depart from the mandatory provisions of La.R.S. 15:529.1 as well as the sentence recommended by the Felony Sentencing Guidelines. The trial judge stated that he was "going to limit Dorthey to include only cases where you think that the statute makes no measure of contribution to accept the goals of punishment or their sentences amounted to nothing more than a purposeful imposition of pain and suffering and grossly out of proportion to the severity of the crime." The trial judge also stated that a sentence of fifteen years, in his opinion, would be "excessive" and "unconstitutional." The trial judge did not abuse the wide discretion granted to him by law.
Moreover, "... the 1974 Louisiana Constitution, Article I, Section 20 `gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" Dorthey, 623 So.2d at 1280, quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979). The trial judge in this case did exactly what he was constitutionally empowered to do.

ERRORS PATENT
La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the defendant's sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882A. Resentencing is not required, however, this case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992), writ denied, 612 So.2d 79 (1993).
Also, the defendant was not informed of her right to remain silent at the habitual offender hearing. However, as the defendant remained silent throughout the proceedings and the state put on competent evidence to prove that the defendant was the same person convicted of a prior felony in Texas, the error is harmless. See State v. Carouthers, 607 So.2d 1018 (La.App. 3d Cir.1992), vacated on other grounds, 618 So.2d 880 (La.1993).

*490 CONCLUSION

For the foregoing reasons, the defendant's convictions and sentences are affirmed. This case is remanded and the district court is ordered to amend the commitment and minute entry of the sentences to reflect that the defendant is given credit for time served. La.Code Crim.P. art. 880.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.