683 So.2d 1326 (1996)
STATE of Louisiana,
v.
Robert SPENCER.
No. 96-248.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*1327 Patricia Head Minaldi, Asst. Dist. Attorney, Robert Richard Bryant, Jr., V. Ed McGuire, III, Lake Charles, for State of La.
Ronald F. Ware, Lake Charles, for Robert P. Spencer.
Before DOUCET, C.J., and SAUNDERS and AMY, JJ.
*1328 SAUNDERS, Judge.
On August 26, 1994, a bill of indictment was filed charging the defendant, Robert Paul Spencer, with one count of possession of cocaine with the intent to distribute. The indictment was amended on September 28, 1994 to show defendant's name as Robert P. Spencer, Jr. On October 26, 1994, defendant entered a plea of not guilty to the charge. After a trial by jury, defendant was found guilty on October 20, 1995 of possession of cocaine with intent to distribute. After defendant was adjudicated a habitual offender, second offense, defendant was sentenced to fifteen (15) years at hard labor, to run consecutive with the term defendant was presently serving. Defendant now appeals his conviction, alleging five (5) assignments of error. We affirm.

FACTS
On July 5, 1994, at approximately 6:45 p.m., officers of the Lake Charles Police Department noticed two black males standing in the driveway of a residence located on Goos Street. As the officers approached the area, defendant entered the garage area and dropped a whitish, rock-like substance into the bed of a pick-up truck. Defendant was detained while the officers searched the bed of the truck. After finding thirteen (13) rocks of crack cocaine in the truck, the officers arrested defendant and transported him to the Lake Charles Police Department for booking.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In reviewing the record, we reveal one possible error patent.
Defendant was not informed of his rights at his habitual offender hearing. Although the right to remain silent is not specifically set forth in La.R.S. 15:529.1, in State v. Johnson, 432 So.2d 815 (La.1983), writ granted on other grounds, 438 So.2d 1113 (La.1983), the Louisiana Supreme Court held this statute clearly recognizes the right of the defendant to remain silent, and the statute implicitly provides that the defendant should be advised of this right by the court. Further, La.R.S. 15:529.1(D) specifically provides that the defendant be advised of his right to a formal hearing and requires the state prove its case. Id. relying on State v. Martin, 427 So.2d 1182 (La.1983).
However, the trial court's failure to advise the defendant of his right to remain silent constitutes harmless error (rather than no error) where the defendant remained silent throughout his proceeding and the state put on competent evidence to prove defendant's identity. State v. Hodges, 94-898 (La.App. 3 Cir. 3/1/95); 651 So.2d 487.
In the present case we find that the state presented competent evidence to prove the existence of defendant's prior conviction and to prove defendant was the same person previously convicted. To prove the existence of defendant's prior conviction, the state introduced the bill of information from defendant's prior conviction, the plea of guilty form signed by defendant, and a minute entry of defendant's guilty plea. To prove defendant's identity, the court took judicial notice of a stipulation by the defendant at trial that he was the same individual who pled guilty to distribution of cocaine on a prior occasion. At trial defendant admitted to having pled guilty to distribution of cocaine, but claimed he did not actually commit the prior crime, even though he pled guilty to such crime. At the habitual offender hearing, the trial court took judicial notice of these facts and granted leave to the state to supplement the record with the appropriate excerpt from the trial transcript. The state did not supplement the habitual offender proceeding with such testimony, but the trial transcript with the pertinent testimony is included in the record before this court. This record evidence alone is sufficient.
*1329 In State v. Martin, 400 So.2d 1063 (La. 1981), on rehearing, 400 So.2d 1063 at 1074 (La.1981), the supreme court stated:
The contention that there was inadequate proof tendered to establish the first conviction is without merit. At the multiple offender hearing the state introduced exemplified and certified copies of California court records that showed that defendant was convicted after plea of guilty of the charge of possession of heroin for sale. Moreover, the trial court was entitled to refer to defendant's admission on direct examination at trial that he was convicted in California of the felony offense of possession of narcotics for sale. The trial judge has a right in the multiple offender proceeding to take judicial cognizance of any prior proceeding which was a part of the same case he had previously tried. State v. Jones, 332 So.2d 461 (La.1976); State v. O'Day, 191 La. 380, 185 So. 290 (1938).
Martin, 400 So.2d at 1077-78 (emphasis ours). Accordingly, we conclude that the evidence introduced in the present case was sufficient to adjudicate defendant as a habitual offender, second offense and that the trial court's failure to advise defendant of his rights was harmless error.

ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant claims the trial court erred by admitting into evidence, during the state's case-in-chief, proof of defendant's prior conviction for distribution of cocaine as evidence of his intent to distribute cocaine in the instant case.
Before trial, a Prieur hearing was held on the admissibility of defendant's prior conviction. There, defendant argued the state should be required to introduce the facts and circumstances surrounding defendant's prior distribution of cocaine, rather than merely his guilty plea to that offense. Defendant also argued that the prejudicial effect of the limited evidence outweighed any probative value.
After taking a recess to decide the issue, the trial court ruled to admit defendant's prior conviction. In support of its ruling, the trial court cited State v. Medlock, 297 So.2d 190 (La.1974) and State v. Grey, 408 So.2d 1239 (La.1982). The trial court set forth two requirements for the admission of the evidence: proof that the person named in the prior bill of information was the present defendant, and proof in the present case of possession from which circumstantially reasonable minds could infer an intent to distribute.
By this assignment, defendant does not argue the state did not comply with Prieur requirements or the requirements set forth by the trial court, citing Medlock, 297 So.2d 190, and we have already observed that the state offered abundant evidence to establish defendant's identity and prior record. Rather, defendant maintains that because the prior conviction in the present case occurred two (2) years and three (3) months prior to defendant's present offense, defendant's prior conviction is stale, remote and irrelevant.
Before we discuss the legal issues raised by this assignment, we note that defendant did not raise this argument at the Prieur hearing. According to La.Code Crim.P. art. 841, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Thus, [i]t is well settled that a new basis for an objection cannot be raised for the first time on appeal. State v. Ford, 349 So.2d 300, 305 (La.1977).
Moreover, we find that while defendant cannot now raise this argument on appeal, we observe that Medlock and its progeny are factually distinguishable in that they involved previous convictions and current arrests, and even Medlock observed "that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged." Grey, 408 So.2d 1239, 1242.
At trial, the defendant denied that he possessed the cocaine, much less that he intended to distribute it. Since intent is an essential element of possession of cocaine with intent to distribute, we find that the probative value of the evidence vastly outweighed its prejudicial effect, particularly given the *1330 carefully worded instructions offered by the trial judge to the jury.[1]
Finally, while Medlock nor Grey mentions anything regarding the length of time between the prior drug sale and the sale for which a defendant is being tried, and defendant mentions no case which discusses such length of time, in U.S. v. Wallace, 32 F.3d 921 (5th Cir.1994), a case cited by the state, the court found that a prior 1989 counterfeiting conspiracy was admissible to prove intent, knowledge and plan in counterfeiting conspiracies occurring in 1991 and 1992, two years later.
Thus, were we to reach the merits of this assigned error, we would be compelled to conclude that the trial court did not err in admitting the evidence.

ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the trial court erred by allowing into evidence during the State's case-in-chief a bill of information charging the defendant with distribution of cocaine, the Waiver of Constitutional Rights and Plea of Guilty form executed by him, and the minutes of the court reflecting that guilty plea as the only proof defendant previously distributed cocaine. Defendant claims such evidence does not prove defendant actually distributed cocaine on a prior occasion, but only that defendant was so charged and pled guilty to the charge.
The trial court found this evidence sufficient to prove by clear and convincing evidence that defendant committed the prior distribution of cocaine and defendant cites no cases in support of this argument. Nor can we. "[I]t is well-settled that a guilty plea by its nature admits factual guilt and relieves the state of the necessity to prove it by a contested trial." State v. Bourgeois, 406 So.2d 550, 552 (La.1981), citing State v. Crosby, 338 So.2d 584 (La.1976).
In the present case, the state introduced the bill of information charging defendant with distributing cocaine on March 25, 1992, the guilty plea form signed by defendant on September 20, 1993, and the minutes of September 20, 1993, when defendant pled guilty to distribution of cocaine. The guilty plea form states the defendant acknowledged he was guilty of the offense charged and voluntarily waived any of his rights by entering the plea.
We observe that the defendant was given a chance to tell the jury why he pled guilty to distribution of cocaine. When asked about the prior offense, defendant explained:
No. Excuse me. They did not prove me guilty, I pleaded guilty. I was 17 years old, and I had been in jail four months. I wanted to get out of jail, and I talked to a couple of people in jail and they told me that they'll give me some probation and they'll let me out. So, I went alongI cop out the plea bargain, so I went along with it.
Defendant told the jury he pled guilty to a crime he did not commit. The jury simply did not believe his version of the events. Additionally, on the state's rebuttal, Troy Thibodeaux testified he was the undercover agent who witnessed defendant selling cocaine on March 25, 1992.
Considering Bourgeois and the fact that defendant acknowledged his guilt by signing the guilty plea form, we conclude the prosecution introduced sufficient evidence to prove defendant committed the prior offense of distribution.
For the foregoing reasons, this assignment of error lacks merit.

*1331 ASSIGNMENT OF ERROR NO. 3

In his brief, the defendant stated this assignment was abandoned.

ASSIGNMENT OF ERROR NO. 4
By this assignment, defendant claims the trial court erred in denying defendant's Motion for Mistrial based on the State's lead witness Sergeant Mike Johnson testifying under direct examination that he recognized the defendant when he saw him on the date of the alleged offense because "[w]e've dealt with him in the past on occasions out on the street." During Sergeant Johnson's testimony, the prosecution asked the sergeant to explain what happened on the night in question. Sergeant Johnson testified as follows:
Okay. We were proceeding north in the 400 block of Goos Street, an area that we patrol fairly heavily because of narcotic transactions and numerous complaints. As we approached 406 South Goos, we observed two subjects standing near the edge of the roadway. One of the subjects was wearing a white T-shirt. He turned and looked at the police truck and he had a surprised look on his face. I recognized him to be Robert Spencer. We've dealt with him in the past on occasions out on the street. Mr. Spencer immediately turned and began to walk very fast in [sic] towards the garage area.
Defense counsel immediately objected to Sergeant Johnson's reference. The court ordered the reference stricken except for the fact that Sergeant Johnson knew the defendant. Defense counsel then reurged his Motion for Mistrial, which the court denied.
In its brief, defendant argues Sergeant Johnson's statement was a direct reference to other crimes or bad acts committed by defendant, which violated the rule of Prieur.
In State v. Colbert, 615 So.2d 32 (La.App. 3 Cir.1993), this court found a statement admissible even though it referred to other crimes committed by the defendant. The defendant in Colbert was convicted of distribution of cocaine and possession of cocaine. "The initial reference to another crime was made in the prosecutor's opening statement: `Saul Wilson, the deputy with the Beauregard Parish Sheriff's Office, developed some information that this man was dealing cocaine.'" Id. at 34. Deputy Wilson then testified that he investigated defendant because officers had informed him of activities of drug selling. Id. On appeal this court stated:
We are not convinced that the evidence and comment referred to by the defendant constitute impermissible hearsay or other crimes evidence. Deputy Wilson's testimony concerning the overall investigation was based on his personal involvement in it. The evidence was not offered to prove the truth of the details which were supplied to him and he did not testify as to such details. Wilson's testimony provided the background leading up to the defendant's arrest. He gave no specific facts concerning prior activities of the defendant and, in fact, it is apparent that Wilson was not even aware of any particular crime committed by the defendant prior to the instant offense. Such vague, nonspecific testimony does not constitute other crimes evidence.

Id. at 34 (emphasis added).
Likewise, in the present case, we conclude Johnson's statement was not made to prove the details of defendant's prior involvement with the police. No details were given by Sergeant Johnson and the statement was made merely to explain how he recognized the suspect.
Moreover, a mistrial would not be warranted even were we to have construed the comment made by Sergeant Johnson to have been a reference to other crimes evidence. In State v. Bailey, 95-78 (La.App. 3 Cir. 11/2/95); 664 So.2d 665, writ denied, 96-0609 (La.6/21/96); 675 So.2d 1077, this court explained:
Under La.Code Crim.P. art. 770, a mistrial is mandatory upon timely motion of the defendant when a remark or comment made within the jury's hearing by "the judge, district attorney, or a court official" is a direct or indirect reference to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." A police officer is not a court official; therefore, the *1332 mandatory mistrial mandated by Article 770(2) is not applicable. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985); State v. Henry, 461 So.2d 484 (La. App. 3 Cir.), writ denied, 464 So.2d 313 (La.1984). However, a discretionary mistrial is appropriate under La.Code Crim.P. art. 771, where the witness is a police officer and the inadmissible other crimes evidence is elicited or should have been anticipated by the prosecutor. State v. Waymire, 504 So.2d 953 (La.App. 1 Cir. 1987).
Id. at 674.
Sergeant Johnson's comment was made in the middle of a narrative given in response to the state's question as to what happened on the night in question, and does not suggest that the state elicited or should have anticipated his comment. We further observe that after defense counsel objected to the sergeant's comment, the trial court stated, "Well, I'll strike any reference, except the fact that he knows him." This admonition was sufficient, even if the sergeant's comment was an impermissible reference to other crimes evidence. La.Code Crim.P. art. 771.
For the foregoing reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
Defendant also claims the trial court erred in denying his Motion for Mistrial based on the prosecutor's improper cross-examination of the defendant. According to defendant, this cross-examination improperly suggested to the jury that defendant's probation was revoked because of the instant charge "and others."
During the prosecution's cross-examination of defendant, the following colloquy took place:
A: Well, I don't know how the drugs got there. I ain't got no dealings with the drugs. The only thing I know is that they got this charge on me, and I been in jail the last year on this charge.
Q: That's right.
A: Well, that's the only thing
Q: And what else?
A: What?
Q: You haven't just been in jail the last year on this charge, have you, Mr.
A: No, I have
Q: Spencer?
A: No, I have not.
Q: Your probation got revoked too, right?
A: Because of this charge.
Q: And others?
A: And others, yes.
Defense counsel then objected, stating "that's not so." In response, the court stated, "I'm just going to order the jury to disregard the discussion about the probation. Just disregard it, and strike it from the record," and both counsel approached the bench. There defense counsel requested a mistrial because the prosecution stated the defendant's probation had been revoked as a result of the present charge and others; while the prosecution argued that defendant opened the door to the questions by stating he had been in jail for the past year on this charge, and that his probation had been revoked on just the present charge, statements which the prosecution noted were not correct.
After recessing to consider the issue, the trial court returned and ruled in pertinent part:
And I'm satisfied here that evidence would be admissible for attacking the credibility and examining the credibility and veracity of his statement as to why he's in jail. But I still maintainAll I'm considering is the motion for mistrial, which for those reasons, I'm going to deny. Now, even though I think that the evidence would be otherwise admissible, I think it's totally unnecessary to go into it. It's a very tangential point. I maintain the instruction I've already told the jury, to disregard any discussion about his probation. And I will instruct the District Attorney to make no further reference to that issue, or ask any further questions that bring out anymore about it, because I reallyI feel like that theas far as it being admissible, that's it's better left out.... As far as for *1333 purposes of the mistrial, I'm going to deny the mistrial. But we're not going to go into it anymore.
We find no reversible error on the part of the prosecution or the trial court here. In State v. Diaz, 93-1309 (La.App. 3 Cir. 4/6/94); 635 So.2d 499, writ denied, 94-1189 (La.9/16/94); 642 So.2d 191, this court was similarly faced with a defendant's spontaneous statement:
Our research has not located a reported Louisiana case in which a defendant is the first to refer to other crimes evidence and then object whenever the State follows up on this evidence. Customarily, whenever a defendant "opens the door," the State may walk through it, but it is not necessarily a license to exploit defense counsel's inattention, omission, or mistake by repeatedly referring to prejudicial comments. See State v. Smith, 418 So.2d 534, 537 (La. 1982). When viewing the context in which defendant's status as an illegal alien arose, it appears that defendant was using it as a defense or as a means of obtaining the jury's sympathy. Also, this evidence may be considered admissible because it is related and intertwined with the charged offense to such an extent that the State could not have accurately presented its case without referring to it, State v. Brewington, 601 So.2d 656, 657 (La.1992), or the defendant could not have presented his defense without referring to it.
We find that once defendant opened the door, the State could have sought clarification of this issue. The State's questions were not so prejudicial that we could say the State simply wanted to inflame the jury against defendant. To the contrary, defendant seems to have been seeking the jury's sympathy and understanding.
Id. at 507.
Likewise, in the present case, defendant mentioned that he had been in jail for a year for which he claimed he was wrongfully accused, apparently to elicit sympathy from the jury, and the state was properly allowed to show the jury defendant was not only being held on the present charge, but also for revocation of his probation.
Furthermore, as in Diaz, the state's questions were not so prejudicial as to suggest that the state was simply trying to inflame the jury against the defendant, as the state's questions regarding the other charges against defendant were very general; they did not specify what the other charges involved.
Finally, we conclude that the trial court handled the subject perfectly, and any error which might have occurred by the state's brief questioning was cured by its admonition that the jury disregard the discussion about defendant's probation. For the foregoing reasons, we find this assignment lacks merit.

UNASSIGNED ERROR NO. 6
Although not assigned as an error in the trial court, defendant further claims the evidence was insufficient to convict him of possession of cocaine with the intent to distribute.[2]
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
*1334 In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. The only element contested by defendant is the intent to distribute. Therefore, we will not discuss the other elements necessary to prove possession with intent to distribute. In State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.), writ denied, 609 So.2d 222 (La.1992), writ denied, 623 So.2d 1326 (La.1993), this court stated the following in regards to proving intent:
The intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to reasonable inferences of intent to distribute. Several factors from which intent to distribute may be inferred have been enumerated in Louisiana's jurisprudence. Those factors include: (1) that defendant ever distributed or attempted to distribute narcotics; (2) that the narcotics were in a form usually associated with narcotics possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
Id. at 1060 (citation omitted).
To prove defendant's intent to distribute in the present case, the state offered testimony as well as defendant's prior plea of guilty to distribution of cocaine. Sergeant Mike Johnson of the Lake Charles Police Department testified that he saw defendant drop several white rocks into a bed of a pick-up truck.[3] While he did not find any paraphernalia which could be used for smoking crack upon searching the bed of the truck, he found thirteen (13) rocks of crack cocaine. Sergeant Johnson further testified he did not see defendant exchange anything with the other person defendant had been talking to and did not find any money on defendant, however, Sergeant Johnson did find a digital pager on defendant.
Ronald Lewis, a Detective Lieutenant with the Lake Charles Police Department, was accepted as an expert in the field of usage and means of distribution of illegal drugs. According to Detective Lewis, the normal amount of crack cocaine for personal use is two (2) rocks. Detective Lewis testified that thirteen (13) rocks is not normal for personal use; rather, it is consistent with the intent to distribute. On cross-examination, however, Detective Lewis testified that he could not say without equivocation that a person with thirteen (13) rocks of cocaine was not holding them for personal use. Other factors would have to be considered. Detective Lewis testified that a person with thirteen (13) rocks of crack cocaine on South Goos Street would be consistent with the intent to distribute. As to the monetary value of the rocks possessed by defendant, Detective Lewis testified that normally crack cocaine is cut into small integrals such as the rocks in the present case and sold on the street for $20.00 per rock. During his testimony, defendant denied that the drugs belonged to him.
As noted by defendant, the only evidence introduced to prove defendant's intent was circumstantial. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). See also State v. Chism, 436 So.2d 464 (La. 1983). Additionally, La.R.S. 15:438 provides: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Applying La.R.S. 15:438 under the Jackson standard, an appellate court must determine whether, viewing the evidence in the *1335 light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Honeycutt, 438 So.2d 1303 (La.App. 3 Cir.), writ denied, 443 So.2d 585 (La.1983); State v. Morris, 414 So.2d 320 (La.1982).
Since the jury convicted defendant as charged, they apparently believed the testimony of Sergeant Johnson regarding the facts surrounding the offense and of Detective Lewis regarding the consistency of defendant's actions with the intent to distribute. The appellate court should not second guess the credibility determinations made by the jury. Graffagnino, 436 So.2d 559. We therefore find that the testimony introduced and defendant's prior conviction for distribution of cocaine were sufficient to prove defendant possessed the cocaine with the intent to distribute. As this court noted, in State v. Laws, 95-593 (La.App. 3 Cir. 12/6/95); 666 So.2d 1118, "[i]f a case involves circumstantial evidence, and a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and unless another one creates reasonable doubt, the defendant is guilty." Id. at 1121. The only hypothesis of innocence proposed by defendant was that the crack cocaine did not belong to him. That hypothesis failed since the jury convicted him of possession of cocaine with the intent to distribute. Considering defendant's prior conviction for distribution of cocaine and the facts surrounding defendant's present offense, we conclude that a reasonable trier of fact could have concluded that no other reasonable hypothesis of innocence existed. For these reasons, this assignment lacks merit.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial court admonished the jury as follows with respect to this evidence:

Let me have your attention, and pay very close attention to what I tell you right now about that exhibit. This evidence of the prior conviction of distribution, let me tell you what it's not. It is not evidence for you to consider whether or not the defendant possessed cocaine on this current occasion, and you're not to consider it for that reason. It's irrelevant and wouldn't even come in evidence for that. It is being admitted in evidence solely for one very narrow reason, and that is on the issue of whether or not, if you find possession in this instance, whether the possession was with intent to distribute. That is an additional element in this crime, and the State is offering, and I'm allowing it, for you to learn of this, only on the issue of if there was possession, whether or not it was with intent to distribute.
[2] This court could remand the case to the trial court in order to allow the defendant to file supplemental assignments of error thereby permitting the trial court to make an appropriate response. State v. Thorne, 514 So.2d 1170 (La. 1987), after remand, 526 So.2d 1227 (La.App. 3 Cir.1988). In the interest of judicial economy, however, we will consider the assignment.
[3] Defendant is not contesting on appeal the sufficiency of evidence with respect to his possession of the cocaine. In fact, in his brief, defense counsel states, "[i]f the jury accepted that Robert Spencer was in possession of the thirteen rocks of crack cocaine found in the bed of the abandoned pick-up truck, and they reasonably could and apparently did, the evidence does not exclude the more than reasonable possibility he possessed them for his personal use only."