# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-871


**STATE OF LOUISIANA**

**VERSUS**

**JAMES LYNDAL FOSTER**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 297,291
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**


**James C. Downs**
**District Attorney - 9th Judicial District Court**
**701 Murray Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Appellee:**
**State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**James Lyndal Foster**

**GREMILLION, Judge.**

Defendant, James Lyndal Foster, appeals his adjudication as a fourth felony offender. We affirm.

Defendant was convicted of possession of methamphetamine, a violation of La.R.S. 40:967(C), and sentenced to five years at hard labor.[1] Immediately after sentencing, the State sought habitual offender status based on the subject conviction and six additional prior felony convictions. At a hearing, the trial court found Defendant to be a habitual offender and imposed the minimum sentence of twenty years at hard labor.

At the hearing, the trial court found Ray Keith Delcomyn of the Rapides Parish District Attorney's Office to be qualified as an expert in fingerprint identification. Delcomyn testified to extensive experience in fingerprint work and to his qualification as an expert in the trial court more than thirty-five times. Although he has a certificate for completing several courses, he has no formal certification from any professional organization. Defense counsel objected to his qualification as an expert based on his lack of certification, commenting, "I assume, that there would have to be some sort of certification to say that he's a fingerprint expert."

Delcomyn fingerprinted Defendant at the beginning of the hearing. He then testified about his examination of fingerprints from six bills of information involving Defendant. He also testified that, because quality is sometimes lost in the photocopy process, he went to the clerk's office and examined the fingerprints in the original records.

In Delcomyn's professional opinion, the fingerprints in each of the six other

---

[1]This court, in docket number 10-615, has affirmed the conviction.

1

records were all of the same person, and they matched Defendant's fingerprints taken in court that day.

The trial court noted the present conviction and reviewed documents from each of the six prior convictions on the record. The six convictions were:

- Simple burglary, a violation of La.R.S. 14:62, guilty plea on October 9, 2006, docket #282418-001, Rapides Parish;

- Simple burglary, a violation of La.R.S. 14:62, guilty plea on October 9, 2006, docket #282854-001, Rapides Parish;

- Simple burglary, a violation of La.R.S. 14:62, guilty plea on November 8, 2004, docket #273828-001, Rapides Parish;

- Unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4, guilty plea on August 7, 2000, docket #257661-001, Rapides Parish;

- Issuing worthless checks from $100 to $500, a violation of La.R.S. 14:71(D), guilty plea on August 7, 2000, docket #257200-001, Rapides Parish; and,

- Possession of CDS II, a violation of La.R.S. 40:967(C), guilty plea on November 15, 1993, docket #235364-001, Rapides Parish.

The trial court properly ascertained that the cleansing period had not expired for any of the prior convictions. The trial court then recalled and set aside Defendant's present sentence of five years at hard labor and sentenced him to the minimum sentence for an offender with more than four prior felony convictions, twenty years at hard labor.

Defendant argues the State failed to present sufficient evidence to support his adjudication as a habitual offender. First, Defendant claims the trial court failed to advise him of his right to have the State prove its case against him at the habitual offender proceeding. The record shows this claim could, under certain circumstances, indicate error. However, where the State presents adequate evidence to prove the

2

existence of a defendant's prior convictions and that a defendant is the same person previously convicted, such error is harmless. *State v. Spencer*, 96-248 (La.App. 3 Cir. 11/6/96), 683 So.2d 1326, *writ denied*, 96-2938 (La. 5/9/97), 693 So.2d 773. Here, the State presented adequate evidence of both the convictions and of Defendant's identity.

Defendant objected to Delcomyn's expert qualifications because he had no formal certification. An expert may be qualified "by knowledge, skill, experience, training, or education." La.Code Evid. art. 702. Delcomyn had been accepted as an expert in the field of fingerprint identification more than thirty-five times in the trial court. Clearly, his experience was sufficient to qualify him as an expert.

Defendant argues the record does not contain written reasons for his adjudication in violation of La.R.S. 15:529.1(D)(3). "[W]ritten reasons are not required if the court presents oral reasons to show that it had considered the State's documents and found them to be sufficient to prove the prior convictions." *State v. Wilson*, 06-1421, p. 16 (La.App. 4 Cir. 3/28/07), 956 So.2d 41, 50, *writ denied*, 07-1980 (La. 8/22/08), 988 So.2d 253 (citing *State v. Dozier*, 06-621 (La.App. 4 Cir. 12/20/06), 949 So.2d 502, *writ denied,* 97-140 (La. 9/28/07), 964 So.2d 350).

Regarding each of the six prior guilty pleas, Defendant complains that some of the court minutes, bills of information, or plea forms the State submitted were not certified. He further complains that other court minutes may not have been offered. Review of the exhibits shows this is incorrect. The exhibit in question includes court minutes showing Defendant appeared with counsel, was advised of his rights, and pled guilty to simple burglary, as do the minutes associated with each exhibit.

While some of the documents are in fact not certified, these exhibits were

3

offered, introduced, and filed into evidence at the hearing without objection from Defendant. Thus, any purported error or irregularity arising from non-certification of any of the documents cannot be raised now. *See* La.Code Crim.P. art. 841.

Defendant argues the absence of a link between him and the fingerprints on the earlier arrest records. At the hearing, Delcomyn was asked if the person whose prints appeared on the State's exhibits belonged to the same person, and if they also belonged to the same person printed at the beginning of the hearing (Defendant). Delcomyn said they did.

Finally, Defendant complains that no witness identified him as the same person who committed the prior crimes. Defendant was fingerprinted at the beginning of the hearing, in the presence of the trial court. Delcomyn identified Defendant's prints as matching the prints from all six prior cases. The State may prove a defendant is the same person convicted of prior felonies through "expert opinion regarding the fingerprints of the defendant when compared with those in the prior record." *State v. Davis*, 09-72, p. 9 (La.App. 3 Cir. 10/7/09), 19 So.3d 582, 588, *writ denied,* 09-2496 (La. 10/29/10), 48 So.3d 1098 (quoting *State v. Payton*, 00-2899 (La. 3/15/02), 810 So.2d 1127.

Many of the arguments made by Defendant are incorrect as a matter of fact. Court minutes, though uncertified, plainly show Defendant was represented by counsel and advised of his *Boykin* rights at each proceeding. Fingerprint evidence by a qualified expert witness identified Defendant as the offender in each of six prior cases. The evidence established that Defendant is a seven-time felony offender.

4

## RULING

_____Defendant's adjudication as a fourth felony offender is affirmed.

**AFFIRMED.**